WATERS v. WHITCOMB.

Opinion delivered December 22, 1913.

1.  LOCAL IMPROVEMENTS—ASSESSMENTS—CONSTITUTIONAL LIMITATIONS.— Under the Constitution the right to levy assessments for local improvements in cities and towns depends upon the consent of a majority in value of the owners of adjoining real property as evidenced by their signatures to the petition therefor, but under the Constitution the Legislature has the power to provide a tribunal for the ascertainment of that fact. (Page 514.)

2.  LOCAL IMPROVEMENTS—CONSENT OF MAJORITY—TRIBUNAL TO DETERMINE.—Kirby's Digest, § 5667, as amended by Acts 1913, page 528, which provides that in matters affecting city improvements that the city council shall determine whether a majority in value of the property owners within the district signed the petition, with an appeal therefrom to the chancery court, *held* to be a valid statute and a valid exercise of legislative power. (Page 514.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Moore, Smith & Moore*, for appellant.

The Constitution requires an absolute majority of the property owners in order to validate the proceedings,

not a majority on the face of the record, but an absolute, actual majority. And whether or not there exists a majority is a judicial question which the courts must determine whenever its attention is brought to it. 50 Ark. 127. A citizen's rights can not be forfeited by his failure to act within thirty days after publication of the assessment ordinance, the statute, Kirby's Dig., § 5685, notwithstanding. 67 Ark. 30-43; 71 Ark. 55; 46 Ark. 105; 55 Ark. 192; 104 Ark. 298.

*Cammack & White,* for appellees.

This court's decision in *Shibley* v. *Fort Smith & Van Buren District,* 96 Ark. 410-425, is conclusive of the question raised here. See also 104 Ark. 426; 32 Ark. 553; 84 Ark. 395; 45 Ark. 401; 49 Ark. 376; 67 Ark. 591; 69 Ark. 436.

McCULLOCH, C. J. Appellant is a citizen of the city of Little Rock and owns real estate situated within the territorial bounds of an improvement district formed for the purpose of paving a certain street in said city. He instituted this action in the chancery court to enjoin the board of improvement of said district from proceeding with the work, alleging, as a basis for his suit, that a majority in value of the property owners had not signed a petition for the improvement. The action was instituted within thirty days after the ordinance was passed by the city council declaring that a majority in value of the property owners had signed the petition ordering the improvement to be made, which is the limit of time fixed by the statute for attacking the validity of the proceedings. The statute reads as follows:

"If within three months after the publication of any such ordinance, persons claiming to be a majority in value of the owners of real property within such district adjoining the locality to be affected shall present to the council a petition praying that such improvement be made, which petition shall designate the nature of the improvements to be undertaken, and that the cost thereof be assessed and charged upon the real property situated

within such district, the city clerk or town recorder, by order of the city or town council, shall give notice by a publication once a week for two weeks, in some newspaper published in the county in which such city or town may lie, advising the property owners within the district that on a day therein named the council will hear the petition and determine whether those signing the same constitute a majority in value of such owners of real property. At the meeting named in the notice, the owners of real property within such district shall be heard before the council, which shall determine whether the signers of said petition constitute a majority in value, and the finding of the council shall be conclusive unless within thirty days thereafter suit is brought to review its action in the chancery court of the county where such city or town lies. In determining whether those signing the petition constitute a majority in value of the owners of real property within the district, the council and the chancery court shall be guided by the record of deeds in the office of the recorder of the county, and shall not consider any unrecorded instrument.'' Kirby's Digest, § 5667, as amended by Acts of 1913, page 528.

Notice was published as required by the statute warning property owners that on the day named in the notice the council would hear the petition and determine whether those signing it constituted a majority in value of such owners of real property; and on the date named the city council determined that a majority in value had signed, and so declared in an ordinance.

Appellant alleges in his complaint that the petition was not, in fact, signed by a majority in value of the property owners, and contends that the statute is unconstitutional insofar as it attempts to make the determination of the city council on that question conclusive. He relies, in support of this contention, on the case of *Rector v. Board of Improvement,* 50 Ark. 116-127, where it was decided that ''the power of the city council to make an assessment upon real property, for the purpose of making a local improvement, depends upon the assent or

petition of a majority in value of the property holders owning property adjoining the locality to be affected," and that "this fact is jurisdictional, and the want of it makes a local assessment by a city council void."

The Constitution does, in' unmistakable terms, make the right to levy assessments for local improvements in cities and towns depend upon the consent of a majority in value of the owners of adjoining real property as evidenced by their signatures to the petition therefor. But it does not limit the power of the Legislature to provide a tribunal for the ascertainment of that fact. *Shibley* v. *Fort Smith & Van Buren Bridge District,* 96 Ark. 410; *Board of Directors of Jefferson County Bridge District* v. *Collier,* 104 Ark. 425.

There is no difference, with respect to that question, between improvement districts formed in cities and towns and those formed outside. The only difference is that in cities and towns the Legislature can not determine for itself the question of the will of the majority, but must provide some tribunal where property owners can be heard; whereas districts outside of cities and towns can be formed and the improvement authorized upon a legislative determination as to the will of the majority. *Craig* v. *Russellville Waterworks Improvement District,* 84 Ark. 390. In the case just cited, we said:

"When such a plan is devised, then the local improvement may be undertaken, provided a majority in value consent thereto; and when it is determined in a forum where property owners may have their day that such majority has consented, then a legal basis is laid, and the improvement may be undertaken."

The Legislature, has in the statute under consideration, erected a tribunal for the ascertainment of the consent of the majority. This is done upon notice, and the right of property owners to apply within a limited time to courts for correction of an unfounded decision is preserved. The statute is, we think, a valid exercise of legislative power.

Argument is also presented as to the validity of that

part of the statute which provides that "the council and the chancery court shall be guided by the record of deeds in the office of the recorder of the county, and shall not consider any unrecorded instrument."

That question does not, however, arise in this case, and we decline to decide it. That part of the statute is separable, and, if found to be invalid, can be stricken out without impairing the validity of the statute in other respects.

The city council decided that a majority in value had signed the petition, and we can not assume that the council failed or refused to consider ownership evidenced by unrecorded instruments.

Decree affirmed.