### Jacobs *v.* City of Paris.

#### Opinion delivered October 29, 1917.

1. LOCAL IMPROVEMENT—CREATION OF DISTRICT—CONSENT OF MAJORITY.—The consent of a majority in value of the property holders owning property within local improvement districts in towns and cities is jurisdictional, and without such consent all proceedings therefor are void.

2. LOCAL IMPROVEMENT—CREATION OF DISTRICT—CONSENT OF MAJORITY—DETERMINATION OF TIME OF HEARING.—In the formation of a local improvement district the Legislature may delegate to the city council authority to determine whether the petition has been signed by a majority of the property holders; and thirty days is a reasonable time to fix, during which objections may be made.

Appeal from Logan Chancery Court, Northern District; *Wm. A. Falconer,* Chancellor; affirmed.

*Anthony Hall,* for appellant.

1. The power to assess real property for local improvements depends upon the assent of a majority in value of the owners. Without such assent the proceedings are void. Art. 19, § 27, Const.; 50 Ark. 116; 59 *Id.* 344; 67 *Id.* 30; 84 *Id.* 395; 99 *Id.* 508; 116 *Id.* 167; 123 *Id.* 327. See also 99 *Id.* 508; 127 Ark. 418. The decision of the council is not conclusive.

2. The limitation of thirty days in the act only applies to irregularities and objections to proper parties to sign petitions and deeds, etc. It does not cut off objections to the validity of the establishment of the district. 67 Ark. 30; 69 *Id.* 68; 71 *Id.* 555. A majority in value is jurisdictional. 99 Ark. 508; 123 *Id.* 327; 84 *Id.* 395. It was error to sustain the demurrer.

*Robert J. White,* for appellees, commissioners.

1. The city council found and declared that the petitions constituted a majority in value of the owners of real property. That is final unless a petition showing ground is filed within thirty days. Here the petition was filed too late and the demurrer was properly sustained. Const., art. 19, § 27; Acts 1913, p. 527; 78 Ark. 439; 132 S. W. 450; 123 Ark. 327; 116 *Id.* 167; 84 *Id.* 391, 395-6; 185 S. W. 442; 78 Ark. 439.

2. Appellants are barred. Acts 1913, § 1, p. 527; 127 Fed. 820; 101 U. S. 567; 67 C. C. A. 386; 87 Ark. 65-70; 192 S. W. 909, etc.

*Sid White,* for appellee, City of Paris.

1. Appellants are barred. The power to limit the time is well settled, and thirty days was a reasonable time. 127 Ark. 418; 110 Ark. 548; 16 *Id.* 628; 110 *Id.* 514; 116 *Id.* 776; 130 S. W. 513; 84 *Id.* 257; 86 *Id.* 1; 96 *Id.* 424; 123 *Id.* 331; 71 *Id.* 4; 90 *Id.* 38, 39.

WOOD, J. This suit was instituted by the appellants against the appellees, the city of Paris and commis-

sioners of certain local improvement districts in that city. The complaint set up, in substance, that ten resident owners of real estate in each of the respective districts had petitioned for the formation of. the district, and that the ordinance was duly passed by the town council laying off the districts; that petitions were presented by the real estate owners within the districts praying for the improvements to be made, and the city council, by resolution, fixed a day for the hearing of these petitions, notice of which was duly published; that committees were appointed to ascertain whether the signers in these petitions constituted a majority in value of the real property in the district; that the committees in their reports showed that the signers did constitute a majority. in value, and the council, by resolution, adopted the reports and declared that the petitions were signed by a majority in value of the owners of real property within the districts, and the districts were created and commissioners duly appointed, etc., and that such commissioners, unless enjoined, would proceed to let contracts for making the improvements contemplated; that the organization of such districts was wholly void because a majority of the owners of real property within the districts did not sign the petition.

The complaint shows on its face that it was filed more than thirty days after the adjudication by the city council that the petitions were signed by a majority in value of the owners of real property in the districts.

The appellees demurred to the complaint and moved to dismiss the same, the grounds of the motion and demurrer being that the action was not brought within thirty days after the action of the city council finding and declaring that the petitions for the creation of the improvement districts constituted a majority in value of the owners of real property in such district. The court sustained the demurrer and dismissed the complaint, and from that judgment this appeal comes.

Section 27 of article 19 of the Constitution provides: "Nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assess-

ments on real property for local improvements in towns
and cities under such regulations as may be prescribed by
law, to be based upon the consent of a majority in value
of the property holders owning property adjoining the
locality to be affected; but such assessments shall be *ad
valorem* and uniform.''

On March 3, 1913, an act of the General Assembly
was approved, providing the plan for establishing local
improvement districts in cities and towns, under which
the districts here challenged were created. The first sec-
tion of the act provides: ''If within three months after
the publication of any such ordinance, persons claiming
to be a majority in value of the owners of real property
within such district adjoining the locality to be affected
shall present to the. council a petition praying that such
improvement be made, which petition shall designate the
nature of the improvements to be undertaken, and that
the cost thereof be assessed and charged upon the real
property situated within such district, the city clerk or
town recorder, by order of the city or town council, shall
give notice by publication once a week for two weeks in
some newspaper published in the county in which such
city or town may lie, advising the property owners
within the district that on a day therein named the coun-
cil will hear the petition and determine whether those
signing the same constitute a majority in value of such
owners of real property. At the meeting named in the
notice, the owners of real property within shall be heard
before the council which shall determine whether the
signers of said petition constitute a majority in value,
and the finding of the council shall be conclusive unless
within thirty days thereafter suit is brought to review its
action in the chancery court of the county where such city
or town lies. In determining whether those signing the
petition constitute a majority in value of the owners of
real property within the district, the council and the chan-
cery court shall be guided by the record of deeds in the
office of the recorder of the county, and shall not consider
any unrecorded instruments.''

The complaint shows that the above act was complied with by the town council and the appellants only challenge the finding and declaration of the council that the petitions for the improvement districts each contained a majority in value of the real estate within the limits of the districts.

Appellants contend that a petition signed by a majority in value of the property owners in the proposed district giving their consent to the improvement is a jurisdictional prerequisite to the validity of ordinances creating such districts, and that the determination of the council that the petitions are signed by a majority in value of the owners of real property in such district, although ascertained and determined in the manner provided by the statute, is not conclusive, as declared therein, unless within thirty days thereafter suit is brought to review its action in the chancery court of the county in which such city or town lies.

(1) This court has held in several cases that a consent of a majority in value of the property holders owning property within local improvement districts in towns and cities is jurisdictional, and without such consent all proceedings therefor are void. See among the number of the latest cases, *Imp. Dist. No. 1 of Clarendon* v. *St. L. S. W. Ry. Co.*, 99 Ark. 508; *Waters* v. *Whitcomb*, 110 Ark. 511; *Bell* v. *Phillips*, 116 Ark. 167; *Hamilton* v. *Board of Imp. Light & Water Dist. No. 2 of Wynne*, 123 Ark. 327.

(2) This court has never held that the Legislature could not constitute the city council a tribunal for the purpose of determining whether or not the petitions for local improvement districts within the city were signed by a majority in value of the owners of real property within the districts; nor that it was beyond the power of the Legislature to make the findings of such board, when ascertained in the manner directed by the statute, conclusive unless their action was appealed from within a reasonable time. As to whether the Legislature has such power is the real and only issue presented on this appeal, and that exact question was decided in *Waters* v. *Whit-*

*comb, supra,* contrary to appellants' contention here. In that case we said: "Appellant alleges in his complaint that the petition was not, in fact, signed by a majority in value of the property owners, and contends that the statute is unconstitutional in so far as it attempts to make the determination of the city council on that question conclusive. * * * The Constitution does, in unmistakable terms, make the right to levy assessments for local improvements in cities and towns depend upon the consent of a majority in value of the owners of adjoining real property as evidenced by their signatures to the petition therefor. But it does not limit the power of the Legislature to provide a tribunal for the ascertainment of that fact. *Shibley* v. *Fort Smith & Van Buren District,* 96 Ark. 410; *Board of Directors of Jefferson County Bridge District* v. *Collier,* 104 Ark. 425. * * * The Legislature has, in the statute under consideration" (the act under review here) "erected a tribunal for the ascertainment of the consent of the majority. This is done upon notice, and the right of the property owners to apply within a limited time to courts for correction of an unfounded decision is preserved. The statute is, we think, a valid exercise of legislative power."

In view of the limited areas of local improvement districts within towns and cities it could hardly be said that thirty days is so short a time that it practically denies property owners the right to be heard. The time, though short, we believe was sufficient to enable property owners who are affected by the improvement to appear and to be heard, and thus their constitutional right of due process is preserved.

It follows that the judgment of the court sustaining the demurrer and dismissing the appellants' complaint is correct, and the same is affirmed.