SOUTHERN IMPROVEMENT COMPANY *v.* ELLIOTT.

Opinion delivered November 5, 1923.

1. MANDAMUS—MATTER OF DISCRETION.—Permission to a litigant to file pleas or other motions out of time is a matter of discretion, which will not be controlled by mandamus.
2. APPEAL AND ERROR—HOW ERRORS BROUGHT UP.—Error of the trial court in refusing to permit additional pleas to be filed must be corrected by appeal; and if the trial court refuses to let the record show the error, either by recitals in the record

or by bill of exceptions, the party complaining has a remedy by a bill of exceptions certified by bystanders as provided by statute.

Petition for mandamus to Arkansas Chancery Court; *John M. Elliott,* Chancellor; writ denied.

*Sam W. Trimble* and *R. W. Wilson,* for petitioner.

The writ of mandamus should go. It was not within the discretion of the chancellor to refuse leave to file the supplemental answer, the motion to strike the interplea and cross-complaint of the interveners, nor the motion to suppress the depositions of the interveners, taken, as they were, long after the expiration of the time fixed by the chancellor for taking depositions. A chancellor has no discretionary power to deny a defendant the right to avail himself of a meritorious defense. His action in the premises was violative of both the Federal and State Constitutions. Art. 14, § 1, U. S. Const.; art. 2, § 3, Const. Ark.; art. 7, § 4, *Id.*; 45 Ark. 121; 35 Ark. 298-303; 91 Ark. 29; 26 Cyc. 192; 25 Ark. 452.

*John W. Moncrief,* for respondent.

The matters involved were purely discretionary. Petitioner seeks to supplant the office of a bill of exceptions by the extraordinary writ of mandamus. The statute provides a complete and adequate remedy. If the petitioner fails to avail himself thereof, that is no reason why mandamus should be employed as a substitute. 18 R. C. L. 131; *Id.* 297; *Id.* 314; *Id.* 128; *Id.* 100.

PER CURIAM: The petitioner, Southern Improvement Company, entered into a contract with a road improvement district in Arkansas County for the construction of certain improvement work, and sublet a part of the contract to A. M. Perdue, who later instituted an action in the chancery court of Arkansas County against the petitioner and the road improvement district, to recover a certain amount of money alleged to be due on an unpaid balance for work done in constructing the road. During the pendency of the action E. J. Spratlin and cer-

tain other taxpayers in the road district intervened and filed a cross-complaint on behalf of the district against petitioner and Perdue and took depositions of witnesses in support of their plea.

A final decree was rendered in the case in favor of Perdue against the petitioner and the road district for recovery of the sum claimed, and also in favor of the road district against petitioner for the recovery of a large sum of money. Petitioner obtained an appeal to this court, and appears here now with a petition in which it is asked that a mandamus issue to compel the chancellor to file certain papers which, it is alleged, were tendered prior to the final submission of the cause in chancery court. It is alleged that, on the day of the submission and prior to the actual submission of the cause, petitioner tendered and asked permission to file a supplemental answer to the complaint of Perdue and a motion to strike from the records the interplea and cross-complaint of the interveners, and also a motion to suppress the depositions taken by the interveners, or to continue the case in order to give time to take testimony on the cross-complaint of the interveners. It is alleged that the court refused to permit either of these papers to be filed.

The chancellor has filed a response, stating that the papers referred to in the petition were offered after all the parties, by their attorneys, had voluntarily consented to a submission of the cause on the record then made, and that the chancery court, in the exercise of its discretion, refused to permit any additional pleadings or motions to be filed after submission.

Each side has filed *ex parte* affidavits here on the issue of fact as to whether or not the additional pleas were tendered by petitioner before or after the actual submission of the cause.

Permission of the court to a litigant to file pleas or other motions out of time is, or may be, according to the circumstances, a matter of discretion with the trial

court, and the rule has quite frequently been announced by this court that a writ of mandamus cannot be used as a substitute for appeal, nor will the discretion of the trial court be controlled by mandamus. *Collins* v. *Hawkins,* 77 Ark. 101; *Branch* v. *Winfield,* 80 Ark. 61; *Rankin* v. *Fletcher,* 84 Ark 156; *Maxey* v. *Coffin,* 94 Ark. 214; *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118; *Nixon* v. *Grace,* 98 Ark. 505; *Rolfe* v. *Spybuck Drainage District,* 101 Ark. 29; *Sea Insurance Co.* v. *Fulk,* 103 Ark. 503. Where the trial judge refuses to act at all in the matter, this court may compel him by mandamus to do so, but, as before stated, it will not attempt to control the discretion of the trial court or to determine what the discretion of the court shall be.

The court may or may not have erred in refusing to allow additional pleas to be filed, but any error committed in that respect must be corrected by appeal. Statutory methods are provided for making up the record for an appeal to this court, and those methods must be adopted if a review is sought here. Errors of the trial court in the progress of a case must be shown either by a bill of exceptions or by recitals made by the court on its records. If those methods of completing the record be denied by the trial court, a statutory remedy is afforded by bill of exceptions certified by bystanders. The fact that petitioner let the term of court lapse without effort to obtain a bill of exceptions in either of the modes specified by statute affords no ground for allowing the extraordinary writ of mandamus.

The writ is therefore denied.