WIGLEY *v.* HOUSE.

Opinion delivered May 6, 1929.

504

*Hill, Fitzhugh & Brizzolara,* for appellant.
*Starbird & Starbird,* for appellee.

McHANEY, J.   This action was instituted by appellee.
to enjoin the commissioners of Waterworks District No. 1
of Mulberry, Arkansas, from proceeding to make the im-
provement contemplated by ordinance No. 52 of Novem-
ber 3, 1927, laying off and establishing the whole of the
incorporated town of Mulberry as such district, based on
the petition of ten real property owners therein.

This ordinance was published according to law.   On
February 9, 1928, and within 90 days after the publica-
tion of the ordinance establishing the district, the second
petition, purporting to contain a majority in value of
the owners of real property in the district, was filed and
presented to the town council, praying that such improve-
ment be made, designating the nature and boundaries
thereof, and that the cost thereof be assessed and charged
upon the real property therein.   The council, by resolu-
tion, directed the recorder to publish the statutory no-
tice, setting out the form thereof, warning the property
owners that on March 6, 1928, the council would hear said
second petition and determine whether the petitioners
constituted a majority in value of owners of real property
in the district.   This notice was published according to
law.   On March 6, the council met to consider the matter.
A number of property owners were present and all were
given an opportunity to be heard.   The minutes of the
council on this date recited the purpose of the meeting to

be to consider whether the second petition contained a majority in value of real property owners "as listed on the taxbooks for the 1926 assessment." The meeting adjourned "to some future day to enable parties protesting the petition to procure some desired information from the county clerk's office." The real object of the adjournment appears to have been to have the county assessor assess the value of certain exempt property, such as schools and churches, and extend same on the assessment rolls. On March 12, the council again met "in an adjourned session," as shown by the minutes, with all members present, including the appellee, who was a member of the council, and it was unanimously determined, after full investigation, that the second petition contained a majority in value "as shown by the county assessment of 1926." Thereafter, on March 22, the council appointed the appellants as commissioners of the district. More than thirty days later, on April 28, this suit was brought for the purpose heretofore stated. The court held the district void and open to collateral attack on the ground that the records of the council show that, in determining whether a majority in value had signed the second petition, the 1926 assessment was used instead of the 1927 assessment, which was the last county assessment on file in the county clerk's office.

We think the court arrived at the wrong conclusion. The great preponderance of the evidence, if not the undisputed evidence, shows that the members of the council did consider the 1927 assessment instead of that of 1926, and that the reference to the 1926 assessment in the minutes was a clerical misprision. An error of the recorder in writing the minutes of the council could not have the effect of voiding the district if the proceedings were otherwise valid. The undisputed proof shows that a very substantial majority in value signed the second petition based upon the assessment either for 1926 or 1927. The 1927 assessment was only about $1,500 more than that for 1926, and the majority on the petition was more

than $6,000. So, based on the assessment for either year, there was a substantial majority in value on the second petition.

We think the assessment of the exempt property and its extension on the assessment rolls sufficiently appears to have been made by the county assessor, although made at the instance of citizens interested. It was held in the recent case of *Dunbar* v. *Street Imp. Dist. No. 1 of Dardanelle,* 172 Ark. 656, 290 S. W. 372, quoting the 4th syllabus, that "where a list of exempt property and its value was extended by the county assessor on the regular assessment roll, his failure to file a separate list at the time of filing the roll with the county clerk, under Crawford & Moses' Dig., § 9936, was a mere irregularity which did not avoid the assessment roll as a guide to the city council in determining whether a petition for a street improvement was signed by a majority in value of the property owners."

Moreover, the statute provides (§ 5652, C. & M. Digest) that the finding of the council, as to whether a majority in value have signed, "shall be conclusive unless within thirty days thereafter suit is brought to review its action in the chancery court of the county where such city or town lies." This is not a suit "to review its action," nor was it brought within thirty days after the council found that a majority had signed. Why is the appellee not precluded from making this attack? He was a member of the council, and helped make the finding—so voted. This court has many times held this to be a valid statute. *Waters* v. *Whitcomb,* 110 Ark. 511, 162 S. W. 61; *Jacobs* v. *Paris,* 131 Ark. 28, 198 S. W. 134; *Burrus* v. *Beard,* 134 Ark. 10, 203 S. W. 20, and cases cited in all these.

The council had found that a majority in value had signed. Of course the validity of the district depended on this fact, as the right to make assessments for local improvements in cities and towns, under the Constitution, depends upon the consent of the majority in value. The

Legislature has vested the council with the power to determine this fact and made its finding conclusive against collateral attack. A direct attack may be made in thirty days, but not thereafter. The only question the council had to determine was whether a majority in value had signed. When it found in favor of the district and no review thereof was sought in the chancery court in thirty days thereafter, its finding became conclusive on the courts under the plain letter of the statute. The chancery court was therefore without jurisdiction to hear and determine the matter presented to it. See cases above cited. Many others to this effect might be cited.

The decree will be reversed, and the cause dismissed. It is so ordered.

KIRBY and MEHAFFY, JJ., dissent.