MOWREY *v.* COLEMAN.

5-637                                          277 S. W. 2d 481

Opinion delivered April 11, 1955.

*C. T. Cotham,* for appellant.

*Wood, Chesnutt & Smith,* for appellee.

GEORGE ROSE SMITH, J. This was originally a suit brought by the appellants, as property owners, for the purpose of attacking the entire assessment of benefits in a suburban water improvement district. In their complaint, as amended, the appellants asserted that they were heartily in favor of the district, but it was charged that the assessed benefits were so excessive that a reassessment should be ordered. In the course of the litigation the appellees, who are the commissioners of the district, admitted that as a result of a mistake in the estimated cost of the improvement the assessed benefits were in fact excessive. To remedy the error the commissioners proposed that a decree be entered by which the assessment would be set aside and a new assessment be ordered. Thus the suggested decree would have granted all the relief then being sought by the plaintiffs. They, however, filed objections to the proposed decree and for the first time attempted to question the validity of the district itself. The chancellor overruled the objections and entered the decree, from which comes this appeal.

Two asserted procedural irregularities are urged by the appellants. First, after a good deal of oral testimony had been taken it was learned that the reporter's mechanical device for recording the evidence was out of order, so that the testimony could not be transcribed. It is insisted that the chancellor, who heard the appellants' testimony as it was being given, was without power to enter a decree "upon the law and the evidence" until the evidence had been transcribed. This contention is without merit, for in the great majority of cases the court enters its judgment or decree before the stenographic report has been prepared. That report is of primary im-

portance upon appeal, but the statute provides a method for supplying the deficiency in a situation like this. Ark. Stats. 1947, § 27-2127.11. These appellants have not availed themselves of the corrective procedure.

Second, it is contended that in the absence of transcribed testimony the decree was a summary judgment upon the pleadings, for which ten days' notice is thought to be required by Ark. Stats., §§ 29-201 and 29-202. Since the chancellor heard the evidence this was not a decree upon the pleadings only, and even if it had been the statute applies only to the special proceedings listed in § 29-201.

On the merits the trial court was right, for the attack upon the district came too late. The suburban improvement district law provides that an appeal from the county court order creating the district must be taken within thirty days, else the judgment shall be conclusive. Ark. Stats., § 20-702. Similar statutes, requiring aggrieved landowners to act promptly, have uniformly been upheld. *Waters* v. *Whitcomb,* 110 Ark. 511, 162 S. W. 61; *Ruddell* v. *Monday,* 179 Ark. 920, 18 S. W. 2d 910. This district was created on July 17, 1952, and it was not until October 4, 1954, that the appellants first charged that the district was not legally organized. By then the issue had become *res judicata.*

Affirmed.