TOMLIN *v.* REYNOLDS MINING CORP.

5-1989                                             329 S. W. 2d 552

Opinion delivered December 14, 1959.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*George W. Johnson, Warner, Warner & Ragon,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an appeal from the order of the Chancery Court refusing a new trial. The claimed ground for the new trial was: "Accident or surprise which ordinary prudence could not have guarded against" (being the third cause stated in § 27-1901 Ark. Stats.). Appellants say that the *accident* was the inability to obtain the transcribed testimony of the witnesses.

A decree adverse to the appellants was rendered by the Sebastian Chancery Court, Greenwood District, on December 17, 1958. Notice of appeal[1] was filed in the Chancery Court on January 7, 1959, and the entire record was designated. By a series of orders the appellants were given until July 17, 1959 to file the transcript of all the testimony; but on March 18, 1959 it became established that such transcript could not be furnished. The regular Chancery Court Reporter, Mr. Batchelor, was in the hospital when the witnesses testified on December 17th, and Mr. Smith acted as substitute Reporter. Unknown to all, and for some unexplained reason, the machine used for taking the testimony of the witnesses was not working properly; and thus it became impossible to transcribe to the pages the record from the machine. This fact was definitely determined on March 18, 1959 when Mr. Batchelor advised the attorney for the appellants:

"The girl who does my typing was able to get the first 22 pages, . . . I feel that there are some additional parts of the transcript that we could transcribe, but that there is at least 75% that we will be unable to transcribe. Do you want us to transcribe the parts we can and then try to stipulate[2] on the parts that cannot

---

[1] The case involved the question of whether there was a constructive trust or an express trust. The appeal from the decree of December 17, 1958, has never been filed in this Court. The appeal here involved is from the order of July 14, 1959 refusing a new trial.

[2] So far as the record discloses there was no attempt made to stipulate.

be transcribed; and if this is done, it will be very sketchy and probably won't be of much aid in either determining what exhibits were introduced or what the testimony was . . ."

On April 17, 1959 appellants filed in the Chancery Court their unverified motion for new trial, alleging the facts substantially as hereinbefore stated, and also saying:

"The issues in the case involve a direct controversy between interested witnesses. The exact testimony given by each witness is extremely important in the proper determination of the issues and at this late date it is impossible to accurately stipulate the testimony given. The failure to have a proper transcript on the appeal to the Supreme Court of Arkansas constitutes an accident which the defendants exercising ordinary prudence could not have guarded against."

This motion for new trial was heard[3] by the Chancery Court on July 14, 1959 and on that date was denied; and from that order there is this appeal. The Chancery Court made the following findings in denying the motion for new trial:

"That said defendants have failed to comply with the provisions of Arkansas Statutes 1947 § 27-2127.11 . . .

"That said defendants received notice of the state of the record herein on March 18, 1959, one month and 2 days prior to the expiration of the term in which said cause was heard and a decision handed down; but said defendants failed to have said motion for new trial heard until July 14, 1959, three days prior to the expiration of the 7 months maximum time that can be granted for filing the record with the Supreme Court of Arkansas . . .

---

[3] The terms of the Sebastian Chancery Court, Greenwood District, are fixed by law (§ 22-406 Ark. Stats.) to be the third Monday in April and October. Thus the trial in December 1958 was in the October 1958 term, and this motion for new trial was not heard by the Court until a day in the succeeding April 1959 term.

"That to grant a new trial in this matter at this time, with said defendants having failed to comply with Arkansas Statutes 1947, Sec. 27-2127.11 and said defendants having no new evidence to present in this matter, presenting only a fact question, would result in unreasonable delay in this matter, and additional expense and inconvenience to the plaintiff and other defendants in this action, which, under the circumstances, would make it inequitable."

The question before us is whether the Chancery Court abused its discretion in denying the motion for new trial. A lengthy dissertation could be written on this matter of new trial because of the loss of the transcribed testimony. We have at least three cases in Arkansas involving such a situation, and being: *Dent* v. *Peoples Bank*, 114 Ark. 261, 169 S. W. 821; *Criner* v. *Criner*, 217 Ark. 722, 233 S. W. 2d 393; and *Mowrey* **v.** *Coleman*, 224 Ark. 979, 277 S. W. 2d 481. There are many cases from other jurisdictions: we list only a few. *Flickett* v. *Rauch*, 31 Cal. 2d 110, 187 P. 2d 402; *Weisbecker* v. *Weisbecker*, 71 Cal. App. 2d 141, 161 P. 2d 990; *Rambo* v. *Rambo*, 84 Cal. App. 2d 632, 191 P. 2d 480; *Duarte* v. *Rivers*, 90 Cal. App. 2d 152, 202 P. 2d 612; *Hoffart* v. *Lindquist & Paget Mtg. Co.*, 182 Or. 611, 189 P. 2d 592; *King* v. *King*, 119 Ind. App. 46, 82 N. E. 2d 527; *Brooks* v. *National Shawmut Bank*, 323 Mass. 677, 84 N. E. 2d 318; *People* v. *Kaplan*, 278 App. Div. 665, 102 N. Y. S. 2d 714; *Dudley* v. *Hull*, 105 Conn. 710, 136 A. 575; *Coan* v. *Plaza Equity Elevator Co.*, 60 N. D. 51, 232 N. W. 298; and *Reynolds* v. *Romano*, 96 Vt. 222, 118 A. 810. To these may be added the other cases cited in the annotations on "Inability to perfect record for appeal as ground for new trial", as contained in 13 A. L. R. 102; 16 A. L. R. 1158; and 107 A. L. R. **603.**

We do not discuss the requirements of § 27-1901 *et seq.* Ark. Stats. on the necessity of presenting during the term an unverified motion for new trial and the necessity that a motion for new trial be verified when considered after the lapse of the term; because in *Mowrey* v. *Coleman*, 224 Ark. 979, 277 S. W. 2d 481, we

pointed out the correct way in which appellants could undertake to supply a record which otherwise could not be furnished. In that case, as here, the reporter's mechanical device for recording the evidence was out of order so that the testimony could not be transcribed, and we said: ". . . but the statute provides a method for supplying the deficiency in a situation like this (Ark. Stats. 1947 § 27-2127.11). These appellants have not availed themselves of the corrective procedure". The Statute referred to[4] above is Section 19 of Act No. 555 of 1953, which reads:

*Appeals When no Stenographic Report Was Made.* In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

The appellants did not prepare a statement of the evidence of the proceedings, and serve it on the appellee, and proceed as provided in the above section; therefore the appellants are not in a position to say that the Chancery Court abused its discretion in denying the motion for new trial in the case at bar.

Affirmed.

HOLT and WARD, JJ., dissents.

PAUL WARD, Associate Justice, dissenting. I do not agree with the result reached by the majority, nor do I agree with the reason assigned.

---

[4] This Section 19 of our Act 555 of 1953 is a *verbatim* copy of Rule 75 (n) of the Federal Rules; and an interesting case in which the section was unsuccessfully invoked is that of *Hawkins* v. *Mo. Pac.* (8th Cir.), 188 F. 2d 348.

The facts in this case are essentially as follows. In certain litigation in the Chancery Court of Sebastian County in which the issue was the ownership of certain oil and gas royalties, considerable oral testimony was taken on two different occasions. On December 17, 1958, the Chancery Court found contrary to the contentions of Mr. and Mrs. Tomlin, the appellants herein. The decree was entered on December 22, 1958, and on January 5, 1959, appellants gave notice of appeal. Following this the attorneys for appellants made a request for a transcription of the testimony in order to prepare for an appeal from the decree entered on December 22, 1958, and sent as an advance payment therefor the sum of $75.00 on February 13, 1959. The testimony at the two hearings was taken on a "dictaphone" or recording machine. On March 15, 1959, the reporter informed appellants to the effect that they were having difficulty in transcribing the testimony. Two days later the Chancellor extended the time for securing the record to May 7, 1959, but one day later appellants' attorneys were notified that it was impossible to transcribe the testimony. On April 14, 1959, appellants filed a motion for a new trial on the ground that it was impossible to obtain the record. Thereafter, on April 22, 1959, the Chancellor extended the time for perfecting the appeal to June 17, 1959 and later extended that time to July 17, 1959. On July 14, 1959, the Chancery Court denied appellants' motion for a new trial on the ground, among others, that appellants had not complied with Ark. Stats. Section 27-2127.11. This section in all parts material here provides that in the event no stenographic report of the evidence or proceedings at a trial is made, the appellant MAY prepare a statement of the evidence from the best possible means, including his recollection, for use instead of a stenographic transcript. This section also provides that the appellee MAY serve his objections or proposed amendments and that thereafter appellant's statements and the proposed objections or amendments shall be submitted to the trial court for settlement and approval, and as settled and approved shall be included by the Clerk of the Court in the record on appeal.

In appellants' motion for a new trial it was stated that: ''The issues in the case involved a direct controversy between interested witnesses. The exact testimony given by each witness is extremely important and the proper determination of the issues and at this late date it is impossible to accurately stipulate the testimony given.''

The majority opinion rests on the proposition that Ark. Stats. Section 27-2127.11 is mandatory. I cannot agree with this conclusion for the following reasons.

*One.* In the first place the wording of the statute itself strongly indicates that it is not mandatory. It seems to me if the Legislature meant for this section to be mandatory it would have used the words MUST or SHALL and not the word MAY.

*Two.* It is easy to imagine many situations where grave injustices would result if said statute is held to be mandatory. Let's consider a case, not unusual, where several days are consumed in the taking of testimony and further assume that the exact wording of the testimony is essential to a correct decision on the merits. Then assume that more than two months had elapsed, as in the case under consideration, before it is discovered that no stenographic record was made. In such a case it is unreasonable to expect that attorneys or the trial court to remember correctly what the witnesses said. In such a case the appellant would not have a fair chance to present his case to this court for review on its merits—a denial of his fundamental rights.

*Three.* The majority, in the next to the last paragraph of the opinion, relies entirely upon the decision in the case of *Mowery* v. *Coleman,* 224 Ark. 979, 277 S. W. 2d 481. In this I submit that the majority are in error. In the *Mowery* case there was an appeal from the decree of the trial court on the merits. In the case under consideration there is no appeal from the decree on the merits but this appeal is taken from the order of the Chancellor denying a new trial. In the *Mowery* case there was no motion for a new trial as there is here, and this court merely decided that the trial court had a right to enter its original decree

before the testimony taken by the reporter had been transcribed. It was not necessary to the opinion in the *Mowery* case for this court to mention Ark. Stats. 27-2127.11, and, therefore, I consider such reference as dictum only. However, regardless of whether the reference to the statute is considered dictum or essential to the opinion in the *Mowery* case, I think it is more important that we do not extend the effect of that decision any further than is necessary in view of the great injustices likely to result as heretofore pointed out.

The majority opinion did not rely upon the manner in which the motion for a new trial was presented but it is intimated that appellants could not prevail here because such motion was not heard in due time. I do not agree with this intimation. In my opinion this case is governed by the rule announced in the case of *Davies & Davies* v. *Patterson,* 132 Ark. 484, 201 S. W. 504. At Page 494 of the Arkansas Report the court made this unqualified statement: "It follows that the error complained of appeared on the face of the record proper and, therefore, no motion for a new trial was necessary". In the case under consideration it appears to me that the error complained of not only appears on the face of the record but that it actually constitutes the record. This appeal is solely for the purpose of pointing out the error — that the testimony on the trial in chief could not be obtained. In addition to that under our new procedure (Act 555 of 1953, Section II) "no motion for a new trial and no assignment of error shall be necessary".

Since it was conclusively shown to the trial court that appellants will have no opportunity to present the merits of their case to this court for a review unless a new trial is granted, it can hardly be said that the court did not abuse its discretion. It is my conclusion, therefore, that this cause should be remanded for a new trial.

HOLT, J., joins in this dissent.