ARK. STATE HWY. COMM. *v.* JAMES HENRY CLAY ET UX

5-4037                                    408 S. W. 2d 600

Opinion delivered November 28, 1966

*George O. Green* and *Don Langston,* for appellant.

*Robinson & Rogers* and *N. D. Edwards,* for appellee.

PAUL WARD, Justice. This is an eminent domain proceeding.

On May 25, 1965 the Arkansas State Highway Commission (appellant) filed suit to condemn several lots and parts of lots owned by James Henry Clay and his wife (appellees) for use in construction of Interstate Highway No. 40. A jury verdict awarded appellees the sum of $22,500.

When appellant attempted to prosecute an appeal to this Court it learned that, due to a defect in the reporter's recording machine, all of the testimony and proceedings had not been recorded and that a complete record could not be furnished. Thereupon appellant prepared and served on appellees its *statement* of evidence and proceedings in accordance with the provisions of Ark. Stat. Ann. § 27-2127.11 (Repl. 1962). Then appellees filed objections and amendments to appellant's statement (in accord with the same statute) over the objections of appellant.

On June 9, 1966 the trial court approved the statements of both parties, and on the same day appellant 'filed a motion for a new trial on the ground that the failure to obtain a complete record was the result of the unavoidable situation above mentioned. The motion was denied, and this appeal follows.

*One.* We find no merit in appellant's contention the trial court erred in refusing to grant a new trial. Appellant's remedy was to prepare its "statement of the evidence or proceedings . . ." by the method provided in said section 27-2127.11. This section has pre-

viously been construed by this Court (against the contention of appellant) in *Mowrey* v. *Coleman*, 224 Ark. 979, 277 S. W. 2d 481, and *Tomlin* v. *Reynolds Mining Corp.*, 231 Ark. 393, 329 S. W. 2d 552.

*Two.* As previously mentioned, appellant prepared a *statement* and presented it to the trial court for approval pursuant to the statute above mentioned. A copy of this *statement* was served on appellees in due time. It appears, however, that appellee failed to *serve* its objections or proposed amendments within the time (ten days) required by the same statute. However, the trial court approved appellees' statement. We think the court was in error, but we also think it was harmless error. It must be kept in mind (as was referred to in the Mowery case, *supra*) that the jury had already reached its decision before it was learned that a complete transcript of the testimony and proceedings could not be obtained. They heard and considered all the testimony. Therefore the burden was on appellant to show error or lack of substantial evidence to support the verdict. As pointed out hereafter, appellant has not met that burden.

*Three.* We do not agree with the contention of appellant that the trial court should have declared a mistrial.

During the trial appellees' witnesses made references to damages caused to lots outside of the taking. Each time such a reference was made appellant objected, and the trial court sustained the objection. On one occasion the trial court reprimanded appellees rather severely. At no time did the witnesses attempt to say to what extent appellee had been damaged. We are unable to see how the jury was prejudiced in favor of appellees or against appellant. In this connection appellant calls particular attention to remarks made by appellees' attorney in addressing the jury, to which objection was made by appellant. All the attorney said was: ". . . we are not permitted under the law . . . to talk about this

504

type of damage." . . . "The court has instructed us that we could not consider those damages in arriving at our damages." The trial court was not asked to give the jury any cautionary instruction, and we do not think it was an abuse of discretion for the court to refuse a new trial.

*Four.* Finally, appellant contends "there is no substantial evidence to support the verdict". Again, we do not agree.

The record contains twenty three pages of testimony which the court reporter verified, and to which appellant makes no objection. Included therein is the testimony of several qualified witnesses each of whom valued the property damage at approximately $8,000 more than the amount fixed by the jury.

Affirmed.