862

Ark. State Highway Commn. *v.* Clarence Brown et ux

5-4038                                                    410 S. W. 2d 737

Opinion delivered January 30, 1967

*George O. Green* and *Don Langston,* for appellant.

*Ralph W. Robinson* and *Floyd G. Rogers,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant filed its complaint and declaration of taking condemning 24.83 acres belonging to appellees, Clarence and Lorena Brown, in the Circuit Court of Crawford County on May 25, 1965. These lands, except for oil and gas interests that would not interfere with the surface use for highway purposes, were taken outright, along with temporary construction easements over 8.2 acres for construction of a controlled access, Interstate Highway No. 40. Trial to a jury resulted in an award of $40,000.00 to the landowners, from which this appeal is taken.

Appellant finds itself in the unfortunate predicament of being unable to file a complete court reporter's transcript of the testimony and proceedings in the case because of a breakdown in the reporter's recording machine. This was discovered after the verdict and judgment and the giving of notice of appeal. Appellant then availed itself of the remedy this court has held to be applicable in these circumstances—the filing of a statement of the evidence or proceedings from the best available means, which in this case was the recollections of counsel for appellant, aided by notes taken by him during the trial. See Ark. Stat. Ann. § 27-2127.11 (Repl. 1962); *Tomlin* v. *Reynolds Mining Corp.,* 231 Ark. 393, 329 S. W. 2d 552; *Mowrey* v. *Coleman,* 224 Ark. 979, 277 S. W. 2d 481. While this statute requires that appellee, in such cases, serve objections or propose amendments within ten days, appellees did not file their response until twenty days had elapsed.

Thereafter, the court heard the parties, caused witnesses who testified on behalf of appellees to be brought

in, sworn and examined as to the testimony and ordered that the portion of the record offered by appellant showing the testimony of appellant's witnesses and the statements of appellees' witnesses be approved and incorporated into the record. Prior to the making of this order, appellant moved to strike the objections and proposed amendments filed by appellees, contending that by failure to respond within the period set out by statute, appellees had waived their right to object and that the appellant's statement as to the testimony became the record thereof, insofar as this appeal is concerned. When this motion was denied and the court's order settling the record made, appellant moved for a new trial on the premise that the inability of appellant to have a complete stenographic report of the evidence and proceeding constituted accident or surprise which ordinary prudence could not have guarded against, a statutory ground for new trial. This motion was also denied and appeal was also taken from the order overruling that motion. Appellant now contends that the trial court committed error in denying its motions.

A review of our statutes and the decisions construing the Federal Rules of Civil Procedure, from which our statutes on the subject were adopted, along with the decisions above cited, clearly shows that the trial court has jurisdiction, as well as the responsibility, to settle the record on appeal. Ark. Stat. Ann. § 27-2127.11 requires that any such statement filed by appellant, with objections or proposed amendments, be submitted to the trial court for settlement and approval, and that the *same as settled and approved by the trial judge* be included in the record on appeal.

While Ark. Stat. Ann. § 27-2129.1 (Repl. 1962) provides that it is not necessary for the record on appeal to be approved by the trial court, it requires that any difference that arises as to whether the record discloses what occurred in the trial court be submitted to and settled by the trial court which is authorized to direct that any omission or misstatement be corrected. The

cited sections were adopted from former Rule 75 (h) and (n) of the Federal Rules of Civil Procedure [now 75 (c) and (d)]. Under these rules, it has been held that such a statement not accurately reflecting the truth and not submitted to the trial judge is for the attention, correction and disposition of the trial court. *Miller* v. *Miller,* 114 F. 2d 596 (D. C. Cir. 1940).

If the judge cannot remember the evidence, he may call witnesses who gave or heard the testimony. *Citizens National Trust and Savings Bank* v. *Welch,* 119 F. 2d 717 (9th Cir. 1941). There is no error in the trial judge denying a motion to amend the record where he has no recollection of the matter sought to be inserted. *Cox* v. *United States,* 284 F. 2d 704 (8th Cir. 1960), *cert. denied,* 365 U. S. 863, 5 L. Ed. 2d 825; *Cox* v. *General Elec. Co.,* 302 F. 2d 389 (6th Cir. 1962). The finding of the trial judge is conclusive unless clearly unreasonable, in the absence of any charge of deliberate and intentional falsification of the record. *Gunther* v. *E. I. Du Pont de Nemours & Co.,* 255 F. 2d 710 (4th Cir. 1958); *Belt* v. *Holton,* 197 F. 2d 579 (D. C. Cir. 1952). It is only where the adverse party files no objections, or where no specific fault is pointed out by the trial judge that appellant's statement of evidence is accepted by the appellate court. See *Laughlin* v. *Berens,* 118 F. 2d 193. (D. C. Cir. 1940); *Citizens National Trust & Savings Bank* v. *Welch,* 119 F. 2d 717 (9th Cir. 1941).

But the appellant says that the tardy filing of appellees' objections and proposed amendments requires that its motion to strike be granted and that its version of the record be accepted. Except as limited by statutes relating to the granting of default judgment when the first pleading of a defendant is not timely filed, a trial court has the discretion to permit a litigant to file pleas or other motions out of time as the circumstances of the case and justice may require and this discretion may not be controlled by this court unless it has been exercised to the palpable prejudice and injustice of the adverse party. *Southern Improvement Co.* v. *Elliott,* 160

Ark. 633, 255 S. W. 299; *Norris* v. *Kellogg & Company,*
7 Ark. 112; *Crow* v. *State,* 23 Ark. 684; *Bookout* v.
*Hanshaw,* 235 Ark. 924, 363 S. W. 2d 125. It has been
held that striking a cross complaint filed two months
after the filing of the suit was erroneous where the filing
occasioned no delay. *Huffman* v. *City of Hot Springs,*
237 Ark. 756, 375 S. W. 2d 795.

The trial judge seems to have followed the appro-
priate procedure in settling the record, and we find no
prejudicial error. Appellant's contention as to the re-
fusal of its motion for new trial for unavoidable casualty
has been answered adversely to appellant in *Ark. State
Highway Commn.* v. *Clay,* 241 Ark. 501, 408 S. W. 2d 600.

Error in refusal to give appellant's requested in-
struction No. 7 is also asserted. That portion of the rec-
ord transcribed and certified by the court reporter
shows that this instruction was given. This statement
will have to be accepted by this court, particularly in
view of the fact that the trial court accepted appellant's
version of the record only as to the testimony of wit-
nesses called by appellant.

Appellant also contends that the trial court erred
in overruling its motion to strike the testimony of cer-
tain witnesses concerning damages for loss of access to
57 acres of appellees' farm. This is based on appellant's
assertion that this tract will be accessible to the remain-
der of appellees' tract by reason of the fact that access
will not be controlled under a bridge over the relief
along the eastern boundary of the property and along
the northern right-of-way line of the highway, which will
traverse the Brown farm from northeast to southwest.
The answer to this contention lies in the fact that there
was testimony that water stands ten months of the year
on this area; that heavy farm implements and trucks
required for use on the tract or in harvesting and trans-
porting crops could not be moved in and out by this
means; that the area would wash out and be rough;
and that this amounted to no access, or was not the

kind of access that prevented a great decrease in the land value due to severance. This presented a factual question for determination by the jury and the motion to strike was properly denied.

Appellant asserts that there is no substantial evidence to support the jury verdict, but with becoming candor, appellant's counsel admits that there is no merit in this point unless the case should be reversed for one of the other errors asserted. It is sufficient to say that after a careful examination of the record, we agree with this admission.

The judgment is affirmed.