BERGDORF *v.* CHANDLER.

4-9816                                    249 S. W. 2d 562

Opinion delivered June 9, 1952.

*J. B. Milham* and *C. A. Fuller,* for appellant.

*Festus O. Butt,* for appellee.

ROBINSON, J. Appellant, Edna Bergdorf, sued appellee, Ida Chandler, in Circuit Court for damages alleged to have been sustained by appellant as a result of an assault and battery committed by appellee. Appellant asked for compensatory damages in the sum of $2,500 and exemplary damages in a like amount. As an element of damage appellant proved that, as a result of appellee's attack, her spectacles were broken, the damage amounting to $17.50 for repairs thereto, $2.00 to the optometrist, and $10.00 expended for the trip to the optometrist, making a total of $29.50, which was the amount of the verdict returned by the jury. Nothing was allowed for pain and suffering, and a verdict was returned for the defendant on the issue of exemplary damages.

Appellant testified that without any warning appellee struck her in the face with a large pocketbook. Appellee denied she struck appellant with a pocketbook, but frankly admitted slapping her. Appellee testified as follows:

"Q. Did you hit her with the pocketbook?

"A. No, my hand. I couldn't hit hard enough with that.

"Q. Did you ever hit her with it?

"A. No.

"Q. Was it loaded just like it is now?

"A. Yes.

"Q. Any brick-bats in it?

"A. No, I don't carry no brick-bats. I slapped her the first time, and her glasses come down, and I jerked them off and broke them. I broke them glasses.

"Q. You did that?

"A. Yes, sir. And I slapped her again—I think three times, I slapped her. It was coming to her."

As an additional reason for her action, Mrs. Chandler testified that in the month of June, before the attack occurred in September, she had some litigation against her step-son and Mrs. Bergdorf had "butted into" the case. She testified:

"Q. And you decided to whip her? That's the reason?

"A. I decided she butted into my case and I slapped her jaws, and that's all I done, I slapped her good!"

As evidence of provocation in mitigation of damages, Mrs. Chandler, appellee, over the exceptions and objections of Mrs. Bergdorf, appellant, proved by the witness Britten Baker that one, Albert Hays, brother-in-law of appellant, had informed Baker that Mrs. Chandler was throwing tin cans on Baker's place, (which she had permission to do) and that Baker had told Mrs. Chandler of receiving this information.

In urging the admissibility of this testimony in the trial court, counsel for appellee stated the evidence was material because it tended to show provocation; otherwise, the evidence was admitted on the theory that it went to the mitigation of damages. Thus, the jury was permitted to consider the fact that Mrs. Bergdorf's brother-in-law had given some information to Britten Baker about Mrs. Chandler placing tin cans on Baker's property as a justification for the admitted attack Mrs. Chandler made on Mrs. Bergdorf. There was no showing that Mrs. Bergdorf knew anything about the giving of such information, which had been conveyed to Mrs. Chandler about one week before the attack. What Mrs. Bergdorf's brother-in-law said about the tin cans would not be a provocation recognized in law as going to mitigation of damages suffered by reason of an assault and battery committed upon Mrs. Bergdorf.

In *Le Laurin* v. *Murray,* 75 Ark. 232, 87 S. W. 131, this court said: "It is a well settled rule of law that mere

words never justify an assault, though, when they are such as to naturally arouse the resentment of those to whom they are addressed, they may go in mitigation of damages resulting from an assault provoked by them; but to do this they must have been uttered at the time of the assault, or so recently before that the provocation and the assault may be considered as parts of the same transaction. If sufficient time has intervened for reflection, and for reason to regain control, words, however provocative, do not in law mitigate such damages, for only provocation that is so recent as not to allow cooling time is competent to mitigate damages, and even then such mitigation extends only to exemplary damages. Damages for pecuniary losses actually sustained from a wrongful assault can never be mitigated below adequate compensation.'' In *Collier* v. *Thompson,* 180 Ark. 695, 22 S. W. 2d 562, the foregoing language from *Le Laurin* v. *Murray* is quoted with approval.

*Le Laurin* v. *Murray* is also cited in *Cooper* v. *Denby,* 122 Ark. 266, 183 S. W. 185, where it is said: ''Where proof of provocation is admissible in mitigation, generally the provocation must have been immediate, or so recent as to constitute a part of the *res gestae.''*

''To entitle the defendant to give evidence of provocation in mitigation of damages, the provocation must be so recent as to induce a presumption that the violence done was committed under the immediate influence of the feelings and passions excited by the provocation, and before his blood has time to cool.'' 2 R. C. L. 588. The rule that acts or words of provocation may be shown in mitigation of exemplary or punitive damages only when they are of so recent occurrence and are so connected with the assault as to warrant an inference that it was committed under the influence of the passion produced by them, has been recognized in many states. See, Ann. 123 A. L. R. 1126.

Exemplary damages are not recoverable as a matter of right, even though the facts in the case are such as to make their allowance proper. Their allowance rests in the discretion of the jury. 15 Am. Jur. 705. However,

in determining whether exemplary damages will be allowed, the jury should not consider incompetent evidence.

For the error in admitting the testimony as to what Hays, brother-in-law of Mrs. Bergdorf, said about the tin cans, the cause is reversed.