BOOKOUT *v.* HANSHAW.

5-2849                                                363 S. W. 2d 125

Opinion delivered December 17, 1962.

*Ward & Lady,* for appellant.

*Jack Lessenberry* and *Dennis W. Horton,* for appellee.

PAUL WARD, Associate Justice. Appellant, Bill Bookout, sued appellee, Victor Hanshaw, for $6,000 actual damages and $6,000 punitive damages based on an alleged "unwarranted, illegal, malicious, and violent assault". From a jury verdict in favor of appellee appellant, setting out several alleged errors, prosecutes this appeal. Briefly stated the situation giving rise to the alleged assault developed as presently set out.

On March 10, 1961, Hanshaw, a member of the State Police, along with other such members, set up a so-called road block at the junction of Highways No. 1 and No. 90 near Rector (Clay County) for the purpose of checking automobile licenses, drivers' licenses, and automobile mechanical defects such as lights, brakes, etc. Viewing the testimony in the light most favorable to sustain the verdict, the jury could have found: The latter part of February, 1961, (about ten days before this incident) appellee saw appellant driving a car with a 1960 license, but no ticket was given; Appellant appeared to resent being accosted, stated that he usually carried a gun and that he was a rough character. When appellant approached the road block on March 10, 1961, appellee, in the course of his duty, informed appellant that the tail light on his car was not burning. Appellant got out of his car to look, found appellee was right, and then got back in his car. At this point appellee asked to see appellant's driver's license, explaining that he needed the information to fill out a warning ticket; at first appellant refused, saying, "I don't have to give these to you, I am afraid you will tear them up or won't give them back". When appellee told him he would be in violation of the law if he refused, he handed over the license; After the warning ticket was made out and given to appellant, he threatened appellee telling him he would definitely take care of him later and started to drive off. Thereupon, appellee told appellant to get out of the car but he refused; when appellant refused the second time appellee opened the door of the car and took appellant by his left arm; appellant made two lunges to free himself, and appellee used only the necessary force to remove or help appellant from the car. Ap-

pellee stated: "What it amounted to, I more or less helped him from the car".

Although there is a conflict in the evidence as to just what happened when appellant got out of the car, appellee said "No blows were struck", and other witnesses corroborated this statement. Anyway, appellant got back in his car and drove away. Appellee further testified: "I removed Mr. Bookout from the vehicle with the intent to arrest him and to determine whether or not he was carrying a weapon".

1. We find no merit in appellant's contention the court erred in not striking appellee's amendment to his answer. Appellee's original answer amounted to a general denial. Later, five days before the trial, he filed an amendment, stating, in effect, that appellant was hostile during the investigation, and had previously threatened his life; He only took precautionary measures to ascertain the nature of said threats; He acted at all times in a lawful, prudent and reasonable manner. Appellant admits the trial court had broad discretion, but says it abused its discretion by refusing to strike the amendment to the answer. This contention seems to be based on the fact that the amendment was filed only five days before the trial, but appellant did not plead surprise or ask for a delay of the trial to make further preparation.

2. Neither do we find any error in the court's refusal to instruct a verdict as to appellee's liability. Appellant asked for this instruction on the ground appellee "admitted that he did commit an assault and battery upon plaintiff Bookout and no justification for that act has been shown".

The above contention by appellant amounts to challenging the sufficiency of the evidence to support the jury's verdict. In support appellant cites the case of *Orr* v. *Walker,* 228 Ark. 868, 310 S. W. 2d 808. In that case we affirmed a judgment for Walker against Orr, a Little Rock policeman. But in doing so we set out the testimony, and then we said it was "sufficient to sustain a verdict". The

cited case merely holds that a jury question was raised by the testimony, as is true in this case.

It is insisted that "mere words never justify an assault", citing *Bergdorf* v. *Chandler*, 220 Ark. 727, 249 S. W. 2d 562. That case, however, is distinguished from this case on the facts. Here, there was more than words— there is testimony of threats and resistance to an officer to deter him in the performance of his lawful duty. No officer was involved in the cited case. Therefore, it was for the jury to say whether appellee was justified in doing whatever (the jury found) he did do to appellant. It cannot be said that the testimony was undisputed on that point, as has been pointed out.

Under this same point appellant says it was error for the court to give Instruction No. 3, to-wit:

"You are instructed that if you find from the evidence that defendant acted in investigating the threat of the plaintiff, if any, and acted justifiably and took plaintiff in his custody and used only such force as was necessary and reasonable at the time to put plaintiff under control and custody, then you are instructed to find for the defendant."

Appellant makes no argument and cites no authority to show the above instruction is wrong. He apparently takes the position that there is no evidence to support it. What we have already set out concerning what took place refutes that position. It was for the jury to say whether appellee used more force than was "necessary and reasonable". We find that the instruction was properly given.

3. The trial court refused appellant's requested instruction which reads:

"You are instructed that the defendant Hanshaw had no right to place plaintiff Bookout under arrest or place his hands in any manner upon any part of the person of the plaintiff Bookout without first informing plaintiff Bookout that he was about to be arrested and stating the offense for which he was to be arrested."

To justify the above instruction appellant relies on Ark. Stats. § 43-416 and the decision in *Minton* v. *State,* 198 Ark. 875, 131 S. W. 2d 948. The section of the statute mentioned says, in effect, that the officer making an arrest shall tell the person (about to be arrested) he is going to arrest him and also the reason for doing so. We think appellant has misconstrued the statute as it applies to the facts of this case. This is a case where appellee tried to arrest the appellant for an offense committed in his presence. The facts here (as the jury could have found) are that the trouble resulted from appellant's resistance to and interference with an officer in the discharge of his duty. This being true, we think the *Minton* case, *supra,* supports appellee rather than appellant. In that case this Court, in construing the above statute said: ''But this statute has no application when the offense is committed in the presence of the officer . . .''

We see no error in refusing to give the instruction in this case.

4. Appellant requested the court to give his Instruction No. 3. We set out only the first portion:

''You are instructed that every man is the sole custodian of his person. No one—*not even an officer of the law*— has the right, etc. . . .'' (Emphasis added.)

The court gave the requested instruction after deleting the words emphasized above. This was not error because the court had no right to emphasize the rights and duties of an officer of the law as a distinct class of persons.

5. Finally it is insisted the court erred in instructing the jury it might consider appellant's reputation as a violent and turbulent person. Considering the court's entire instruction on this point, we find no error. It reads as follows:

''Evidence has been introduced as to the character of the plaintiff tending to show that he is a violent and turbulent person. On the other hand, evidence has been given to show the general reputation of defendant for peace and quietude. Such evidence, if any, is not admitted to justify the defendant's action, but may be considered by the jury

for the sole purpose of determining who was the probable aggressor."

First, it is noted that appellant does not base his objection to the instruction on the ground there is no substantial evidence to show he was a "violent and turbulent person" or to show appellee was a quiet peaceable man. His objection appears to be based on the general rule of law, "that the reputation of a plaintiff for turbulence or peacefulness in an action for assault and battery is not admissible for any purpose." The only authority cited by appellant to sustain his view is 6 C.J.S., *Assault and Battery,* § 41, P. 859. It is true that under said section, sub-section (a) the general rule is announced as stated. However, in the same paragraph an exception to the general rule is stated. Such exception is where the reputation of the parties is "placed in issue by the nature of the proceeding itself, as where there is a dispute as to who was the aggressor." The exception to the rule was also recognized and sustained in the case of *Bartlett* v. *Vanover,* 260 Ky. 839, 86 S. W. 2d 1020. In that case appellee assaulted appellant who sued for damages. Evidence (as to the reputation of each party) was offered and the court held it was proper for the purpose of showing who was the aggressor. In 4 Am. Jur. *Assault and Battery* § 172, in speaking of character evidence, there appears the following statement:

"The law recognizes the fact that in human experience, the known reputation or character of an assailant as to violence and turbulence has a very material bearing on the degree and nature of the apprehension of danger by the person assaulted, and also that one who is turbulent and violent may the more readily provoke or assume the aggressive in an encounter."

In this connection we also point out that the court's instruction did not mention the *reputation* of appellant. Appellee was not influenced by what he knew of appellant's *reputation* but by what he *knew* about appellant's violent and turbulent disposition.

Therefore, under the facts and circumstances of this case as previously set out, we think the instruction was both proper and appropriate. When appellee was threatened by appellant after the trouble over the driver's license, that threat alone might or might not have justified appellee in attempting to get appellant out of the car to search or arrest him. Therefore, it was proper for the jury to know they could consider appellant's violent disposition so they could correctly determine whether appellee used more force than was necessary in discharging his duty as an officer.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.

HARRIS, C. J., not participating.

McFADDIN AND JOHNSON, JJ., dissent.

ED. F. McFADDIN, Associate Justice (Dissenting). I dissent from the affirmance because I am convinced that the Trial Court committed reversible error in giving Instruction No. 4, as requested by the defendant. This instruction reads:

"Evidence has been introduced as to the character of the plaintiff tending to show that he is a violent and turbulent person. On the other hand, evidence has been given to show the general reputation of defendant for peace and quietude. Such evidence, if any, is not admitted to justify the defendant's actions, but may be considered by the jury for the sole purpose of determining who was the probable aggressor."

Hanshaw, a State Policeman, stopped Bookout at a roadblock and informed him that the tail light of his car was not burning. Bookout emerged from his car, looked, and found that Hanshaw was right, and reentered the car. Then Hanshaw wanted to see Bookout's driver's license; and finally Bookout showed him the license. All this time Bookout was seated in his car, ready to drive away; and

when Hanshaw gave Bookout a warning ticket, Bookout, while still seated in his car, told Hanshaw that he would see him later, and started to drive away. It makes no difference what Bookout said to Hanshaw as he was about to drive away, because *words* do not justify an assault (*Burgdorf* v. *Chandler,* 220 Ark. 727, 249 S. W. 2d 562).

Hanshaw grabbed Bookout and pulled him out of the car, and thereby committed an assault on Bookout. What caused the assault? Something that Bookout said to Hanshaw; but we have held that mere words never justify an assault. So, under such holding, Hanshaw was not justified in assaulting Bookout; and any seizing of the person of another is an assault. The Court instructed the jury, without objection of Hanshaw, as follows:

''You are instructed that Officer Hanshaw, the defendant, has admitted that he did commit an assault and battery upon plaintiff Bookout and if you find from a preponderance of the evidence that no justification for that act has been shown then your verdict will be for the plaintiff, Bill Bookout; and you may fix his compensatory damages at such sum as you find from a preponderance of the evidence will fairly compensate him for physical pain, medical expenses, humiliation, disgrace, and damage to his reputation.''

Thus, the Court told the jury that Hanshaw had admitted an assault and battery upon Bookout; and to the instruction Hanshaw raises no complaint.

With an unjustified assault committed on Bookout by Hanshaw (in grabbing Bookout out of his car), it was erroneous for the Court to then tell the jury that the reputation of Bookout and Hanshaw might be considered on the question of ''who was the probable aggressor'': that is the language of the Instruction No. 4. It had already been established and admitted that Hanshaw was the aggressor; and so the Instruction No. 4 should never have been given; and I submit that the case should be reversed for error in giving that instruction. It is clear that Hanshaw was the aggressor and committed an unjustified assault and battery on Bookout.

JOHNSON, J. joins in this dissent.