Julius T. WILLIAMS and I. Oleta Williams, Husband and Wife, Plaintiffs,

v.

FARMERS AND MERCHANTS INSURANCE COMPANY, Marie Adickes and John J. Carter, Defendants,

John J. Carter, Cross-Claimant,

Farmers and Merchants Insurance Company and Henry Insurance Agency, Cross-Defendants.

No. F-70-C-13.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Jan. 14, 1971.

Sam Sexton, Jr., Fort Smith, Ark., for plaintiffs.

Daily, West, Core & Coffman, Fort Smith, Ark., for Farmers and Merchants Ins. Co.

David O. Partain, Van Buren, Ark., for Marie Adickes.

Ralph Robinson, Van Buren, Ark., for John J. Carter.

## MEMORANDUM AND ORDER

JOHN E. MILLER, Senior District Judge, Sitting by Designation.

There is before the court a motion filed December 8, 1970, by plaintiffs for a jury trial.

The complaint was filed June 19, 1970. In the first 10 numbered paragraphs the plaintiffs asserted a claim against the defendant insurance company for failure to pay a loss sustained upon an insurance policy issued by the company on April 22, 1968, and in full force and effect on December 8, 1969, when the insured property was destroyed by fire. Marie Adickes was a designated mortgagee under a standard mortgage clause in the policy as originally written and delivered, and in paragraph 11 she was made a defendant to enable the court to determine her rights under the policy. John J. Carter was named as a defendant in paragraph 12 of the complaint to enable the court to

determine his rights, if any, under the policy. In paragraph 13 the plaintiffs alleged that they had entered into a contract on October 27, 1969, with Carter for the sale to Carter of the property for $75,000. A copy of the contract was attached to the complaint as Exhibit D. That subsequent to the fire loss Carter defaulted and plaintiffs had retaken possession of the property. "However, defendant Carter may have some benefits due him pursuant to the terms of said insurance policy." The remainder of the original complaint alleged a cause of action for invasion of privacy by the defendant in matters related to the claim asserted on the policy.

On July 29, 1970, the defendant insurance company filed its answer and counterclaim against plaintiffs and Carter. The first 14 paragraphs are denials of the allegations of the complaint except with respect to party identity, which is admitted as alleged in the complaint. Paragraphs 15, 16, 17 and 18 are as follows:

"15. That any insurance policy on the property described in plaintiffs' complaint was procured by the plaintiffs through the use of fraud and misrepresentation in failing to disclose prior fires and prior insurance claims.

"16. That plaintiffs, Julius T. Williams and I. Oleta Williams, fraudulently prosecute this claim against the defendant.

"17. That any and all investigations of the claims and activities of the plaintiffs undertaken by the defendant were privileged.

"18. The defendant further states that the plaintiffs did not have an insurable interest in the property."

On July 21, 1970, Carter filed his answer to the complaint of the plaintiffs and a cross-claim against the insurance company, and asked that the Henry Insurance Agency be made a third-party defendant. Carter alleged that because of the failure of the cross-defendant and the third-party defendant to pay the insurance he was unable to fulfill his contract of purchase with the plaintiffs, and he prayed damages in the sum of $205,000.

On August 3, 1970, the Henry Insurance Agency filed its answer to the third-party complaint of Carter in which it denied the allegations made by Carter, and by counterclaim asked for judgment against Carter for damages in the amount of $60,000.

On December 2, 1970, leave was granted the plaintiffs to file an amended complaint, which was filed the same date, in which they readopted and realleged paragraphs 1 through 13, inclusive, of the original complaint. Then the plaintiffs alleged that the defendant insurance company has admitted the issuance and delivery of the policy; that the insured property was totally destroyed by fire; and that under the provisions of the policy sued upon the property was insured for the face amount of $50,000. The prayer of the amended complaint is for judgment for $50,000, plus 12 percent penalty and a reasonable attorney's fee.

On the same date, December 2, 1970, the defendants Farmers and Merchants Insurance Company and Henry Insurance Agency filed a motion to amend their answer which motion was granted, and on the same date the amendment to the answer was filed, in which they alleged:

"a. The policy sued upon by the plaintiffs and John J. Carter provides 'This entire policy shall be void, if whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.' These parties state that at the time the policy was issued, the plaintiffs failed to reveal the prior fire losses, insurance claims

and insurance cancellations sustained by them; that at the time the policy was transferred to John J. Carter, the plaintiffs and John J. Carter concealed the true nature of the transaction and misrepresented material facts concerning said transaction and the alleged interest of John J. Carter in the property.

"b. The policy sued upon provides that Farmers and Merchants Insurance Company shall not be liable for loss occurring 'while the hazard is increased by any means within the control or knowledge of the insured.' Farmers and Merchants Insurance Company and Henry Insurance Agency state that the plaintiffs and John J. Carter increased the hazard by means within their control and knowledge."

On December 8, 1970, the plaintiffs filed their motion for trial by jury, in which they alleged:

"1. On December 2, 1970, the defendant, Farmers and Merchants Insurance Company, joined by the cross-defendant Henry Insurance Agency, filed in this cause their Amended Answer, which Amended Answer raised policy defenses which were not previously present.

"2. Plaintiffs state that such policy defenses create a new and different defense than that previously asserted and are such as to entitle the plaintiffs to move for trial by jury."

and prayed that they be granted trial by jury as to all issues.

On December 9, 1970, the defendants filed a response to plaintiffs' motion for jury trial, in which they alleged:

"The amendment filed by these parties merely clarifies and amplifies the previous pleadings, and the amendment does not raise new issues."

and contemporaneously submitted memorandum in support of their response.

On December 12, 1970, the plaintiffs submitted memorandum brief in support of their motion for trial by jury. The defendants filed their reply thereto on the same date.

Rule 38(a), Fed.R.Civ.P., preserves the right of trial by jury as declared by the Seventh Amendment to the Constitution. Subparagraph (b) gives any party the right to demand a trial by jury of an issue triable of right by a jury "by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

Subparagraph (c) gives a party demanding a jury trial the right to specify the issues which he wishes to be so tried.

Subparagraph (d) provides:

"The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

The court granted leave to the plaintiffs to file an amended complaint which, as heretofore stated, was filed December 2. In the amended complaint the plaintiffs abandoned numbered paragraph 14 of the original complaint, in which they were seeking judgment against the defendant insurance company for one million dollars for alleged humiliation, embarrassment and great emotional distress caused by the wrongful action of the defendant in the defense of the claim of plaintiffs on the policy. In other words, under the amended complaint plaintiffs are only claiming judgment for the face amount of the policy plus 12 percent penalty and a reasonable attorney's fee.

On the day the amended complaint was filed the insurance company and the Henry Insurance Agency, after obtain-

ing leave from the court, filed their amendment to the answer as heretofore set forth. None of the parties filed any demand for a trial to a jury until the plaintiffs filed the present motion.

In 5 Moore's Federal Practice, 2d Ed., ¶38.41, p. 326, the learned author states:

"* * * if there has been no general demand and the amendment raises a new issue, then any party has the right to demand a jury trial as to the new issue, and should do so if the issue is triable to a jury and he desires it to be so tried; and the time within which the demand is to be made is computed from the time of service of the last pleading directed to the new issue.

* * * * * *

"It is now well settled that where the amendment creates new jury issues, a party upon timely demand therefor is entitled to a jury trial."

The motion of plaintiffs was filed within six days from the date of the filing of the amendment to the answer. Thus, the question which the court must determine is whether the amendment to the answer raises new or different issues that are triable to a jury.

The plaintiffs waived a trial to a jury of the issues as made by the allegations in the original complaint and answer, and due to such failure to make timely demand the right was not revived merely by the filing of the amended complaint. Therefore the court must determine whether the defendants in their amendment to the answer introduced new or different defenses to the claims of the plaintiffs and, if so, are plaintiffs entitled to a trial of such new issues by a jury. This can only be determined by an analysis of the allegations of the original answer and a comparison of the defenses therein contained with the alleged new or different defenses alleged in the amended answer.

The first special defense alleged by defendants in the original answer charges that the policy "was procured by the plaintiffs through the use of fraud and misrepresentation in failing to disclose prior fires and prior insurance claims." (Par. 15) In the second special defense it is alleged that the plaintiffs "fraudulently prosecute this claim against the defendant." (Par. 16) As a third special defense the defendants pleaded that the investigations being made by them of the claims and activities of the plaintiffs were privileged. (Par. 17) As a fourth defense they alleged that plaintiffs had no insurable interest in the property. (Par. 18)

By the amendment to the answer the defendants added paragraphs (a) and (b). The two sentences of paragraph (a) are nothing more than a clarification and amplification of the first two defenses (paragraphs 15 and 16) of the original answer, and do not raise a new and different defense. Paragraph (b) of the amendment to the answer in effect charges that the plaintiffs and John J. Carter increased the hazard by means within their control and knowledge.

Paragraphs 12 and 13 of the original complaint were retained and made a part of the amended complaint. In these two paragraphs the plaintiffs referred to the contract of sale that had been entered into by them with Carter, which provided that the policy sued upon would be transferred to Carter and, in fact, plaintiffs obtained from the defendant Henry Insurance Agency an endorsement changing the name of the insured to "John J. Carter," and providing, "It is further understood and agreed that the mortgagee is changed to Julius T. Williams and I. Oleta Williams in lieu of Marie Adickes * * *."

Thus, paragraph (b) of the amendment to the answer specifically refers to the action of the plaintiffs and Carter in undertaking to manipulate the insurance so as to deprive Mrs. Adickes, the original mortgagee, of the security for the

purchase price that was owed by the plaintiffs to her. The activities of Carter and the dealings between him and the plaintiffs were directly at issue under the allegations in the original complaint and special defense 16 alleged in the original answer, and the allegations in paragraph (b) of the amendment to the answer raised no new or different defense.

Therefore the motion of plaintiffs for a jury trial is denied and overruled.