**Julius T. WILLIAMS and I. Oleta Williams, Appellants,**

v.

**FARMERS AND MERCHANTS INSURANCE COMPANY and Henry Insurance Agency, Appellees.**

**Nos. 71–1369, 71–1371.**

United States Court of Appeals, Eighth Circuit.

March 17, 1972.

Rehearing Denied April 4, 1972.

Sam Sexton, Jr., Fort Smith, Ark., for appellants.

James E. West, Daily, West, Core & Coffman, Fort Smith, Ark., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, STEPHENSON, Circuit Judge, and REGISTER, Senior District Judge.

STEPHENSON, Circuit Judge.

Both sides appeal from rulings made by Judge Miller below. The facts are fully and well-stated in the two trial court decisions in this case and are reported at 327 F.Supp. 1109 (W.D.Ark. 1971) and 51 F.R.D. 211 (W.D.Ark. 1971). They will be restated only as related to the issues in this appeal.

Appellants urge that the trial court erred in its denial of their motion for a jury trial. We agree. The issue presented is whether or not the appellants' waived right to a jury trial had been revived by virtue of new issues having been raised in appellees' amended answer and counterclaim.

Rule 38 of the Federal Rules of Civil Procedure provides that a litigant's Seventh Amendment right to a jury trial is waived unless he makes a demand for such within 10 days of the final pleading directed to the issues. Once waived, the right is revived by amendments to the pleadings only if new issues are raised in such amendments. Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc., 440 F.2d 765 (CA2 1971); Connecticut General Life Insurance Co. v. Breslin, 332 F.2d 928 (CA5 1964) and Ward v. Brown, 301 F.2d 445 (CA10 1962). See 5 Moore, Moore's Federal Practice ¶¶ 38.39(2), 38.41 (2d ed. 1971) and 2B Barron and Holtzoff, Federal Practice and Procedure §§ 873, 879 (1961), and in such event the right is revived only as to the new issues. These rules, of course, are subject to more lenient modification at the trial judge's discretion under Rule 39(b).

Appellants, in their action on a homeowners' insurance policy, set forth in the complaint that their home had been destroyed by fire. Appellees alleged in their answer:

\* \* \* \* \* \*

15. That any insurance policy on the property described in plaintiffs' complaint was procured by the plaintiffs through the use of fraud and misrepresentation in failing to disclose prior fires and prior insurance claims.

16. That plaintiffs, Julius T. Williams and I. Oleta Williams, fraudulently prosecute this claim against the defendant.

\* \* \* \* \* \*

18. The defendant further states that the plaintiffs did not have an insurable interest in the property.

Appellees' answer was filed on July 29, 1970. No demand for a jury trial was filed within 10 days and this right accordingly was waived under the terms of Rule 38.

On December 2, 1970, appellants with leave of court filed an amended complaint re-alleging their claim based upon the policy but abandoning a claim for $1,000,000 damages allegedly resulting from the appellee's malicious and capricious failure to settle the fire loss and for humiliation, embarrassment and emotional distress. On the same day the appellees filed an amended answer which stated:

\* \* \* \* \* \*

a. The policy sued upon by the plaintiffs and John J. Carter provides "This entire policy shall be void, if whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the in-

sured relating thereto." These parties state that at the time the policy was issued, the plaintiffs failed to reveal the prior fire losses, insurance claims and insurance cancellations sustained by them; *that at the time the policy was transferred to John J. Carter, the plaintiffs and John J. Carter concealed the true nature of the transaction and misrepresented material facts concerning said transaction and the alleged interest of John J. Carter in the property.*

b. The policy sued upon provides that Farmers and Merchants Insurance Company shall not be liable for loss occurring "while the hazard is increased by any means within the control or knowledge of the insured." Farmers and Merchants Insurance Company and Henry Insurance Agency state that the plaintiffs and John J. Carter increased the hazard by means within their control and knowledge.

On December 8, 1970, appellants moved for trial by jury. The motion was denied on the basis that the allegations in appellees' amended answer were nothing more than a clarification and amplification of defenses stated in the original answer; and that no new or different issues had been raised. 51 F.R.D. at 214.

It is clear that no new issues were raised by part (a) of appellees' amended answer (except the italicized portion of the section). Paragraphs 14, 16 and 18 obviously show that the appellees were asserting the affirmative defenses of fraud and misrepresentation in the procurement of the policy. Part (a) of the amended answer merely sets forth the same defenses but with specificity as to the conduct constituting the alleged fraud and misrepresentation.

■ Part (b) of the amended answer, together with the factual allegations italicized in part (a), however, assert the defense of "increase of hazard." Essentially, appellees were then claiming

that the sale transferring ownership to Carter, who allegedly had no pecuniary interest in the home, constituted an increase of *moral* hazard which rendered the policy void in the absence of the informed consent of the insurer. See e. g., Connecticut Fire Insurance Co. v. Manning, 160 F. 382 (CA8 1908) and 17 Appleman, Insurance Law and Practice, Chapters 333–335 (1945). We are unable to glean from the prior pleadings any indication that this defense was in issue. Indeed, appellees in their motion for permission to amend the answer stated, "These defendants desire . . . *to add an allegation of increase of hazard*" (emphasis added). We believe the amended answer raised a new issue to the litigation, that of increase of hazard. The trial court is not obligated to submit the independent defenses raised by the original answer to a jury. If it clearly appears from the trial court's opinion and judgment that one of the original defenses asserted legally entitles defendant to a dismissal of plaintiff's claim, no jury trial on the new issue would be required. Upon the basis of a careful study of the trial court's opinion and judgment, we cannot say with any degree of certainty that the trial court's decision was not induced by the new issue of increase in hazard. Consequently, appellants' request for a jury trial with respect to this issue should have been granted.

The trial court found that the statements of Williams and Carter in connection with the transfer of the property constituted material misrepresentations of fact. 327 F.Supp. 1116–1118. These misrepresentations as to Carter's proprietary interests and financial capabilities which were made to appellee's agent, Henry, form the basis for and are part and parcel of the policy defense of increase in hazard. See 17 Appleman, *supra*, Chapter 333 and § 9675. The fact questions of whether or not these misrepresentations were made, whether they constituted an increase in hazard and whether Henry relied upon them are

matters appellants are entitled to have presented for determination by the jury.[1]

 Appellees by cross-appeal claim error in the trial court's failure to assess punitive damages. Punitive damages are not required to be given, but upon certain facts the court or jury is authorized to award them at their discretion. Bergdorf v. Chandler, 220 Ark. 727, 249 S.W.2d 562 (1952); and St. Louis, I. M. & S. Ry. Co. v. Stamps, 84 Ark. 241, 104 S.W. 1114 (1907). See, Prosser, Law of Torts, 13 (3d ed. 1964) and 22 Am.Jur.2d Damages § 240 (1965). We are satisfied that the trial court did not abuse its discretion in denying the appellees' counterclaim for punitive damages.

The trial court awarded no actual damages, but rather deferred Farmers' counterclaim for the amount paid ($31,248.85) to the mortgagee under the policy, Mrs. Adickes, until the state court proceedings on this matter were terminated. Mrs. Adickes (Farmers is the assignee of her interest) obtained a judgment against the appellants in a state court foreclosure action. An appeal from the judgment is now pending. Farmers claims the trial court should have proceeded to award it actual damages but with a proviso that the judgment be credited with any collections made on the state court judgment when it becomes final. Both sides recognize that this matter raises the prospect of a possible double recovery for Farmers. We believe the trial court, in its discretion, properly deferred Farmers' counterclaim for actual damages until the state court proceedings are terminated.

The judgment of the trial court denying appellants' motion for a jury trial on the new issue raised in appellees' amended answer and counterclaim is reversed and remanded for proceedings consistent with this opinion. The judgment is affirmed in all other respects.

---

1. Although apparently not raised below, the defense of increase in hazard also suggests another jury question; that of waiver of the provision by the insurance company through the conduct of its agent acting within the real or apparent scope of his authority. See Millers Mut. Fire Ins. Co. of Texas v. Russell, 246 Ark. 1295, 443 S.W.2d 536 (1969).