**Milford A. VIESER et al.,**
**Plaintiffs,**

**v.**

**HARVEY ESTES CONSTRUCTION,**
**CO., et al., Defendants.**

**Civ. No. 74–322–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

July 21, 1975.

See also, D.C., 69 F.R.D. 370.

James F. Davis, Roy Davis, S. Paul Hammons, Oklahoma City, Okl., for Milford A. Vieser, and others.

Hal Leaming, Oklahoma City, Okl., Counsel for receiver, Mack S. Burks.

Larry E. Myers, C. Craig Cole, Kenneth W. Dickerson, Oklahoma City, Okl., for Harvey Estes Const. Co., Harvey Estes, Suzan Estes.

Robert F. Bourk and D. Fred Doak, Oklahoma City, Okl., for Flintkote Supply Co., Circle J. Co., Inc., d/b/a Space Kitchens.

D. Fred Doak, Oklahoma City, Okl., for D & S Electric, Inc.

Larry D. Patton, Oklahoma City, Okl., for The Fagan Co., Inc.

Harold M. Durall, Oklahoma City, Okl., for The Dolese Co.

Jay Galt, Don Cooper, Oklahoma City, Okl., for Active Electrical Distributors, Inc.

Jack H. Petty, Bethany, Okl., for Jim Snyder, d/b/a Snyder & Associates Contract Drapery Co.

William P. Porter, Oklahoma City, Okl., for Tom McDonald & Jerry Gatewood, d/b/a Tom McDonald & Jerry Gatewood Apartment Finishing Service and d/b/a Jerry Gatewood, After Hours Heat & Air.

Jess Horn, Oklahoma City, Okl., for Jack Guest, d/b/a A-Jack's Sand & Gravel.

William R. Saied, Oklahoma City, Okl., for Bill J. McConnell.

Mickey James, Earl G. Williams, Oklahoma City, Okl., for The H. E. Leonhardt Lumber Co.

John W. Swinford, Oklahoma City, Okl., for Sturbridge Apartments Partnership, Capital Resources Real Estate Partnership II, Capital Resources, Real Estate Partnership, III, Robert W. Forloine.

Robert F. Bourk, Oklahoma City, Okl., for Don Stricklen, d/b/a Stricklen Cabinet and Drainboard Service.

Warren L. McConnico, Tulsa, Okl., for Plunkett Co.

Michael E. Krasnow, Oklahoma City, Okl., for Harter Concrete Products, Inc.

Robert H. Warren, Jeff L. Hirzel, Oklahoma City, Okl., for Frank's Glass Shop, Inc., Ellsworth Inc., d/b/a Caston Lumber Co., Gerald P. Chamberlain & John E. Whitfield, Jr., d/b/a Arco Sheet Metal.

Carl E. Moslander, Oklahoma City, Okl., for Anchor Paint Co. of Oklahoma City, Okl.

Bruce McClelland, Oklahoma City, Okl., for Okeefe & Merrit Co., General Electric Co.

Peter Van Dyke, Oklahoma City, Okl., for Aetna Business Credit, Inc., Diamond Rug & Carpet Mills.

Jimmie J. Schnorr, Bethany, Okl., for Kenneth A. Skinner, d/b/a KA-TE Roofing Co.

H. Jeffrey Diamond, Holdenville, Okl. (disclaimed), for The Federal National Bank & Trust Co. of Shawnee.

Daniel J. Fowler, Oklahoma City, Okl., for Public Supply Co.

Robert Amis, Del City, Okl., for AAA Fence Corp.

W. J. Robinson, Oklahoma City, Okl., for Robberson Steel Co., Tommy Taylor, Junious Johnson, Oklahoma Co. Utility Services Authority, Drywall Supply Co., Inc., Shawnee Concrete Block & Brick, Norman Cox, Donald W. Crosswhite, Cellular Concrete Specialty, Inc., Gatewood Homes Inc., Suzan Interiors, Inc., Duane Yost, d/b/a Aero Cleaning, Emmett Powell, Percy Tomlin, and Metropolitan Utilities Co., and Sandra Stanka, d/b/a Sandra Stanka Janitorial Service and Harvey Homes, Inc.

## ORDER

DAUGHERTY, Chief Judge.

This action arises from an alleged default by Defendant Harvey Estes Construction Co. (the builder) on various agreements concerning the construction of an apartment project in Oklahoma City, Oklahoma. Plaintiffs advanced funds for the construction of the project and received a note and a mortgage on the property. Defendants Harvey Estes and Suzan Estes (the individuals) executed a personal Guarantee of Completion Agreement. This action was commenced to foreclose the mortgage and for moneys due on the note and the guarantees. Multiple lien claimants were also joined in the action. The issues were joined as to Plaintiffs and the builder and the individuals prior to June 5, 1974. The builder had asserted a Counterclaim and the individuals had

merely answered. On May 7, 1975, this Court issued its Order finding that the builder and the individuals had waived their right to a jury trial on the issues between them and the Plaintiffs by failing to make a timely demand for same pursuant to Rule 38, Federal Rules of Civil Procedure. The builder and the individuals thereafter filed a joint Motion to Allow Filing of Amended Pleadings. An examination of the proposed amended pleadings discloses that the builder desires to add three paragraphs to its Counterclaim (wrongfully designated Cross-Petition) and that the individuals desire to add a Counterclaim (wrongfully designated Cross-Complaint) to their Answer. Both proposed amended pleadings contain requests for a jury trial.

█ The requested amended pleadings are partially governed by Rule 15, Federal Rules of Civil Procedure which Rule requires leave of Court to file same under the circumstances involved herein. Said Rule provides that such leave shall be *freely given when justice so requires.*

Before granting the requested leave to file the amended pleadings, the Court will consider the effect of same on the jury trial requested in the amended pleadings in light of the parties making the request having been found to have waived their rights to same.

In *American Fidelity & Cas. Co. v. All American Bus Lines,* 190 F.2d 234 (10 Cir. 1951) the Court considered the effect of amended pleadings on previously waived rights to a jury trial when it stated:

> "And the substitution of Security as the party plaintiff, without injecting into the case any new or different issues of fact, did not create in American a new right to demand a jury trial. Neither did it revive such right."

The same result was reached in *Ward v. Brown,* 301 F.2d 445 (10 Cir. 1962).

█ In the event new issues are raised, the right to a jury trial is only revived as to the new issues. *Williams v. Farmers and Merchants Insurance Co.,* 457 F.2d 37 (8 Cir. 1972); *Western Geophysical Co. of Amer. v. Bolt Associates,* 440 F.2d 765 (2 Cir. 1971).

It must be determined what new issues if any are raised in the proposed amended pleadings. Looking first to the proposed Amended Answer and Counterclaim of the builder, it is determined that the Answer is substantially the same and no new issues are raised in same. The first nine paragraphs of the Amended Counterclaim are substantially the same and no new issues are raised therein. The only significant changes are found in paragraphs 10 through 12 which have been added by the proposed amended pleading.

██ Paragraph 10 is an assertion that Plaintiff (sic) has wrongfully foreclosed the project. Since the foreclosure proceedings are included in the instant action, such a claim is premature. It is elemental that to maintain an action for malicious prosecution (which is the nature of the alleged wrongful foreclosure) that there be a termination of the legal proceedings of which the complaint is made. In other words, it is improper to assert a claim for malicious prosecution as a counterclaim to the action which is alleged to have been maliciously or wrongfully brought. *Shwab v. Doelz,* 229 F.2d 749 (7 Cir. 1956); 52 Am.Jur. 2d Malicious Prosecution § 14, p. 195. As the alleged wrongful foreclosure issue is improperly included in the proposed Amended Counterclaim, the Court in the exercise of its discretion determines that paragraph 10 of the Amended Counterclaim should be stricken from same and thus no new issue arises from this paragraph.

Paragraph 11 of the builder's proposed Amended Counterclaim is wholly defensive in nature in that it is an assertion that any breach of alleged modified contracts was by Plaintiffs and that

any damage claimed by Plaintiffs were caused by their own acts. Not only is this paragraph defensive in nature and fails to state an affirmative claim for relief against Plaintiffs, it is substantially the same as the defensive statement contained in paragraph 10 of the builder's original and Amended Answer and new issues are not raised in Paragraph 11 of the builder's proposed Amended Counterclaim.

Paragraph 12 of the builder's proposed Amended Counterclaim contains an assertion that its credit standing has been materially impaired by alleged wrongful acts of Plaintiffs. An additional $1,000,000 in damages is sought in said claim. The contents of said paragraph are substantially the same as found in paragraph 7 of the builder's original Counterclaim in which it is claimed that actions on the part of Plaintiffs caused it a loss of reputation in the community and impaired its ability to carry on its trade in the construction business. It is thus the finding of the Court that this paragraph does not add a substantial new issue in the case, but merely raises the builder's prayer for relief.

■ Because the proposed Amended Answer and Counterclaim of Defendant Harvey Estes Construction Company, Inc. fails to add any substantial new issue to the action, such amendment will be allowed after the demand for a jury trial is stricken from same as well as striking paragraph 10 of the Counterclaim.

The proposed Amended Answer and Counterclaim submitted on behalf of the individual Defendants does not contain any amendments to the Answer and in as much as no Counterclaim was originally filed by the individuals, the proposed amendment is an attempt to set up an omitted Counterclaim, not a mere amendment to a pleading. Rule 13(f), Federal Rules of Civil Procedure provides for omitted Counterclaims. Said Rule states:

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

■ Movants have failed to make a showing of oversight, inadvertence, or excusable neglect and must be relying on the provision "when justice requires" as their authority for such an amendment. It is noted that Rule 13(f) supra, is similar to the general amendment provisions of Rules 15(a) supra, but the provision that such leave shall be given freely is omitted from the provisions of Rule 13(f) supra, and thus it would appear that the Court has more discretion in considering whether the omitted Counterclaim should be allowed.

Paragraph 1 of the proposed Counterclaim is an alleged claim for wrongful foreclosure. Same should be stricken as premature in accordance with the discussion supra, relative to the same alleged claim in paragraph 10 of the builder's proposed Amended Counterclaim.

Paragraph 2 of the individuals' proposed Counterclaim is wholly defensive in nature as it is an assertion that the individual Defendants did not breach the contract and that any damages claimed by Plaintiffs are caused by their own acts or omissions. This is duplicitous of the contents of paragraph 4 of the individuals' Answer and does not constitute a new issue in the case.

Paragraph 3 of the individuals' proposed Counterclaim is also defensive in nature in that it is an assertion that acts of Plaintiffs prevented the completion of the project. This assertion is substantially the same as the contention set out in paragraph 3 of their Answer that the individuals were ready to complete the project. This assertion raises no new issues in the case.

■ Paragraph 4 is a claim that acts of the Plaintiffs after an alleged breach

of a new contract by Plaintiffs were wilful, deceitful, and malicious and caused damages to the individual Defendants in the amount of $500,000.00. This claim is identical to one asserted by the builder in its original Counterclaim and thus does not constitute a new issue in the case. It is merely an assertion of the same claim by additional parties who are in fact the managing officers of the builder who originally asserted said claim.

Paragraph 5 is a claim on behalf of the individuals that their credit standing has been impaired by acts of the Plaintiffs for which they seek $1,-000,000.00. This likewise is identical to a claim asserted by the builder in its Amended Counterclaim which claim was found supra, not to constitute a new issue in the lawsuit. Substantially, this claim is merely the assertion by the individuals of an issue already in the action.

The Court in exercising its discretion as to whether to allow the omitted Counterclaim sought to be added by the individuals, determines that same does not add new issues to the case, but merely constitute claims by other parties based on issues already in the case previously asserted by their co-defendant, the builder, who is represented by the same counsel and with whom the instant joint Motion to Allow Filing of Amended Pleadings is made and further finds that the omitted Counterclaim should only be allowed if the demand for jury trial is stricken from same. This finding is made on the basis that the granting of a jury trial to the individuals on these limited issues which are identical to issues which the builder has previously asserted herein and on which it has waived its right to a jury, would be a waste of judicial effort and in the interests of justice, such claims should be presented at the same time the joint movant (the builder) presents the identical claims.

The Defendants Harvey Estes and Suzan Estes are granted leave to assert their proposed Counterclaim by filing the proposed Amended Answer and Counterclaim after the demand for jury trial is stricken from same as well as striking paragraph 1 of the Counterclaim.

Plaintiffs will reply to (the builders) Amended Counterclaim and reply to the individuals Counterclaim within ten days from the date hereof.