Konstadinos VASSALOS

v.

HELLENIC LINES, LTD. (two cases).

Civ. A. Nos. 77–2480, 79–774.

United States District Court,
E. D. Pennsylvania.

Dec. 10, 1979.

As Amended Dec. 20, 1979.

Avram G. Adler, Philadelphia, Pa., for plaintiff.

Thomas Lane Anderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

In 1977 plaintiff Konstadinos Vassalos, a Greek seaman, instituted an action for negligence and unseaworthiness against defendant Hellenic Lines, Ltd. The complaint was entitled "Complaint in Admiralty," pursuant to which that case, Civil Action No. 77–2480, was designated an admiralty and maritime claim for purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. Fed.R.Civ.P. 9(h). That complaint also al-

leged that "the plaintiff is entitled to prosecute his claim pursuant to the provisions of the Merchant Marine Act, commonly known as the 'Jones Act', as well as pursuant to the provisions of the General Maritime Law and any other pertinent statutes and laws which may be applicable." Complaint, C.A. No. 77–2480 at ¶ 11. Coupled with the fact that the complaint alleged negligence as well as unseaworthiness, this was sufficient to bring the case under the Jones Act in light of the liberal pleading rules of notice pleading. *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In its answer to the complaint, defendant raised no objection that the Jones Act was inapplicable as a matter of law. In his Pretrial Memorandum, the plaintiff again stated that "[t]he Court has jurisdiction over the instant matter pursuant to the provisions of the Jones Act and American Law is applicable." Finally, the parties filed a Proposed Final Pretrial Order, which stated that "[t]his is an action for personal injuries prosecuted pursuant to the provisions of The Merchant Marine Act, 46 U.S.C. § 688, commonly known as the Jones Act, as well as the provisions of the General Maritime Law." That pleading was signed by both counsel, and was accepted by me as evidenced by my signature of December 13, 1978. Under Local Rule of Civil Procedure 7(e), the pretrial order thus superseded all prior pleadings.[1] Thus Civil Action No. 77–2480 was from its inception, and was at the time the pretrial order was filed, a case brought under both general maritime and admiralty law and under the Jones Act.

▆▆▆ Plaintiff did not demand a jury trial in his complaint, nor did he make such a demand within ten days of the filing of the answer. Thus he waived his right under the Jones Act to elect a trial by jury. *See* Fed.R.Civ.P. 38(b); *Western Geophysical Co. of America v. Bolt Assocs., Inc.*, 440 F.2d 765 (2d Cir. 1971); *Engbrock v. Federal Ins. Co.*, 370 F.2d 784 (5th Cir. 1967). It is axiomatic that no right to jury trial exists under general maritime and admiralty law. *See* Fed.R.Civ.P. 38(e). As a result, plaintiff irrevocably forfeited his right to a jury trial in Civil Action No. 77–2480.

Defendant, however, made a demand for a jury trial in its answer to the complaint in C.A. No. 77–2480. Thus the case proceeded as a jury case until shortly before trial. As the trial date approached, defendant reformulated its strategy and moved to strike its jury demand. In support of this motion defendant argued that its jury demand was a nullity because it never had the right to make a demand in light of the facts that the case had been brought in admiralty, which provides no right to jury trial, and that Rule 38(b) grants the right to make a jury demand only for issues "triable of right by a jury." *See* Fed.R.Civ.P. 38(b). Thus the question before me was whether the defendant's jury demand was a nullity when made because it had no right to demand a jury trial at that time. I ruled that defendant's jury demand was indeed a nullity, stating:

> Since the case was designated as exclusively admiralty, there is no right to trial by jury under the Constitution or statutes. Nor does plaintiff have the possible alternative of withdrawing his Rule 9(h) designation, since there is no diversity of citizenship and, therefore, no alternative grounds of jurisdiction. Therefore, I grant the defendant's motion to strike the jury demand pursuant to my powers under Fed.R.Civ.P. 39(a)(2). Memorandum of January 11, 1979.

Before the case could proceed to trial, plaintiff obtained new counsel. Determining that he desired a jury trial, plaintiff's new attorney filed a second suit against the same defendant alleging the same cause of action, but specifically designated it as a Jones Act case and demanded a jury trial. The second suit was given Civil Action No. 79–774. He has now moved to consolidate the actions under Fed.R.Civ.P. 42(a), and

---

1. Local Rule of Civil Procedure 7(e) reads in pertinent part:

 The proposed pretrial order, if accepted by the judge, will become a final pretrial order and shall govern the conduct of the trial and shall supersede all prior pleadings in the case.

seeks to have all claims submitted to a jury pursuant to that consolidation and the doctrine of *Fitzgerald v. U. S. Lines*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, *rehearing denied*, 375 U.S. 870, 84 S.Ct. 26, 11 L.Ed.2d 99 (1963). *Fitzgerald* mandates the joining of admiralty claims to Jones Act claims for a single trial by jury. 374 U.S. at 724–25, 83 S.Ct. 1646.

In short, plaintiff now seeks to overcome his initial waiver of his Jones Act right to trial by jury by bringing a second Jones Act case, demanding a jury trial in that second case, and then consolidating the two so as to require a jury trial of all issues. Plaintiff argues that he can do this because C.A. No. 77–2480 never contained a Jones Act claim, and he is thus raising an entirely new issue in C.A. No. 79–774. In support of this argument plaintiff notes that the complaint in C.A. No. 77–2480 did not conform to the official Form 15 attached to the Federal Rules of Civil Procedure, which sets forth the appropriate form for actions under the Jones Act, and only referred to the Jones Act in one paragraph without utilizing appropriate "magic words." He also argues that because I stated in my ruling on defendant's motion to strike the jury demand that there were "no alternate grounds of jurisdiction," I established as the law of the case that C.A. No. 77–2480 contained no Jones Act claims. Defendant argues that C.A. No. 77–2480 was at all times a Jones Act case as well as an admiralty action, and that plaintiff can not now circumvent his waiver of his Jones Act jury right in C.A. No. 77–2480 by reinstituting the same action as C.A. No. 79–774, demanding a jury trial in the latter action, and then consolidating the two.

Initially I must reject plaintiff's argument that C.A. No. 77–2480 contained no Jones Act claim because the Jones Act was not pleaded in the proper form. Notice Pleading requires no specific form. *Conley v. Gibson, supra.* As I explained in the first paragraph of this memorandum, C.A. No. 77–2480 was a Jones Act case from its inception through the filing of the Final Pretrial Order.

 Thus plaintiff can prevail only if my memorandum of January 11, 1979 established as the law of the case that C.A. No. 77–2480 contained no Jones Act claims.[2] When read in the context of the motion decided thereby, that memorandum clearly had no such effect. Defendant argued in its motion that its jury demand was a nullity because it had no right to demand a jury trial in light of the facts that the case had been brought in admiralty, which provides no right to a jury trial, and that Rule 38(b) grants the right to make a jury demand only for issues "triable of right by a jury." Thus I had to determine whether the case contained issues "triable of right by a jury" which would not render defendant's jury demand a nullity. Because it was defendant's jury demand which was under consideration, issues which gave only plaintiff the right to a jury trial were irrelevant to disposition of that motion. The Jones Act gives only the injured seaman, the plaintiff here, the right to elect a jury trial; a Jones Act case defendant does not have that option. *Texas Menhaden Co. v. Palermo*, 329 F.2d 579 (5th Cir. 1964); *McCarthy v. American Eastern Corp.*, 175 F.2d 727 (3d Cir. 1949). Thus the presence or absence of the Jones Act in C.A. No. 77–2480 was irrelevant to the disposition of that motion, and was not addressed, even impliedly, in my memorandum of January 11, 1979. My statement that there were no alternative grounds of jurisdiction referred only to alternative grounds which would have given the defendant a right to make a jury demand and thus would have prevented his jury demand from being a nullity. The only possible ground for jurisdiction which would have given defendant the right to make a jury demand is the saving for suitors clause, 28 U.S.C. § 1333.[3] This clause

---

2. That memorandum and order was filed approximately one month after the Final Pretrial Order was filed.

3. The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

preserves state court jurisdiction over common law causes of action brought by seamen, which causes of action in turn fall within general federal jurisdiction under 28 U.S.C. § 1332 if diversity of citizenship can be established. However, if a plaintiff chooses to designate his claim as an admiralty case, federal admiralty jurisdiction, with no jury right, and not general federal jurisdiction, which grants the right to make a jury demand to all parties, is invoked. Fed.R.Civ.P. 9(h). When I stated in my memorandum of January 11, 1979 that "[s]ince the case was designated as exclusively admiralty, there is no right to trial by jury under the Constitution or statutes," I was merely noting that federal admiralty jurisdiction, as opposed to general federal jurisdiction, had been invoked by plaintiff's Rule 9(h) designation. When I stated that "[n]or does plaintiff have the possible alternative of withdrawing his Rule 9(h) designation, since there is no diversity of citizenship and, therefore no alternative grounds of jurisdiction," I was stating that even if plaintiff were to withdraw his Rule 9(h) designation and thus seek to invoke general federal jurisdiction, he would fail because one of the prerequisites for that alternative ground of jurisdiction, diversity of citizenship, was lacking, and thus general federal jurisdiction via the saving for suitors clause was not an available alternative. Clearly, therefore, my memorandum of January 11, 1979 did not rule the Jones Act out of C.A. No. 77–2480. The Jones Act was from its inception, and has continuously been to the present, an element of C.A. No. 77–2480. Thus plaintiff has raised no new issues in C.A. No. 79–774.

■ This leaves for decision only the question of whether I should permit the plaintiff to cure his waiver of his Jones Act right to a trial by jury by bringing a second, identical Jones Act suit, demanding a jury trial therein, and then consolidating the actions. The Third Circuit has held in the context of a Title VII action that this procedure is impermissible. *Walton v. Ea-*

*ton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977). Furthermore, useful analogies can be drawn to cases in which parties sought to cure waivers of jury trials by amending the pleadings or dismissing the action and bringing a second suit. The cases dealing with amended pleadings hold that the right to demand a jury is not created or revived unless the amendment raises substantially new or different issues. *See American Fidelity and Casualty Co. v. All American Bus Lines*, 190 F.2d 234 (10th Cir. 1951); *Vieser v. Harvey Estes Construction Co.*, 69 F.R.D. 378 (W.D.Okla.1975). Courts which have considered plaintiff's attempt to dismiss an action in which jury trial has been waived merely to enable that party to recommence the case elsewhere with a jury demand have held that such dismissal would unfairly prejudice the defendant, and have refused to dismiss on that basis. *See Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967); *Germain v. Semco Service Machine Co.*, 79 F.R.D. 85 (E.D.N.Y.1978); *Mistretta v. S/S Ocean Evelyn*, 250 F.Supp. 868 (E.D. N.Y.1966). Thus it is clear that a right to demand a jury trial, once waived, can be revived only by raising new issues. *See also Williams v. Farmers and Merchants Ins. Co.*, 457 F.2d 37 (8th Cir. 1972); *Western Geophysical Co. of America v. Bolt Assoc., Inc., supra; Connecticut General Life Ins. Co. v. Breslin*, 332 F.2d 928 (5th Cir. 1964).

■ As I explained above, plaintiff has raised no issues in C.A. No. 79–774 which were not present in C.A. No. 77–2480. Thus the filing of C.A. No. 79–774 does not revive his right to demand a jury trial. While I believe that the two cases should be consolidated pursuant to Fed.R.Civ.P. 42(a) due to their common questions of law and fact, permitting plaintiff to demand a jury trial at this late date because of that consolidation would be tantamount to sanctioning an artifice to circumvent the Federal Rules of Civil Procedure. This I cannot permit. C.A. Nos. 77–2480 and 79–774 will be consolidated, and will proceed to trial non-jury.

(1) Any civil case of admiral or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.