### CITIZENS NAT. TRUST & SAVINGS BANK OF LOS ANGELES v. WELCH.
#### No. 9712.

Circuit Court of Appeals, Ninth Circuit.

May 14, 1941.

Rehearing Denied June 30, 1941.

---

[3] Exhibit 15 is the covenant or release.

Frank Mergenthaler, of Los Angeles, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Arnold Raum, J. Louis Monarch, and Arthur L. Jacobs, Sp. Assts. to Atty. General, and Wm. Fleet Palmer, U. S. Atty., and Edward H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment dismissing an action for the recovery of taxes alleged to have been illegally collected.

On March 31, 1928, Citizens Trust & Savings Bank, a bank incorporated under the laws of the State of California and hereafter called the State bank, was consolidated with The Citizens National Bank of Los Angeles, a national banking association, under the association's charter, pursuant to § 3 of the Act of November 7, 1918, c. 209, as added by § 1 of the Act of February 25, 1927, c. 191, 44 Stat. 1225, 12 U.S. C.A. § 34a.[1] The association—which, after the consolidation, was called Citizens National Trust & Savings Bank of Los Angeles—was plaintiff in this action.

At the time of the consolidation the State bank owed debts aggregating $228,232.07, itemized as follows: Interest on savings accounts, $188,758.28; insurance premiums, $23,041.15; consolidation expenses, $12,500; State and county taxes, $3,932.64. The consolidation agreement provided, inter alia, that these debts should be paid by plaintiff (the association), and they were so paid between March 31, 1928, and December 31, 1928.

Plaintiff filed two income tax returns for 1928. One (hereafter called the State bank's return) was a return of income received by the State bank in 1928. One (hereafter called plaintiff's return) was a return of income received by plaintiff in 1928. In the State bank's return plaintiff, in computing the State bank's net income, deducted the aforesaid items aggregating $228,232.07. In plaintiff's return none of these items was deducted. The State bank's return showed a tax liability of $876.22. Plaintiff's return showed a tax liability of $14,800.61. Plaintiff paid both amounts, a total of $15,676.83.

The Commissioner of Internal Revenue disallowed the deductions taken in the State bank's return—that is to say, he disallowed them in computing the State bank's net income for 1928—and, in consequence of such disallowance, determined that, in respect of such income, there was a tax liability of $27,833.38 instead of $876.22, and hence a deficiency of $26,957.16. The Commissioner, however, allowed these deductions, aggregating $228,232.07, in computing plaintiff's net income for 1928[2] and, in conse-

---

[1] At the time of the consolidation § 3 provided: "That any bank incorporated under the laws of any State * * * may be consolidated with a national banking association located in the same county, city, town, or village under the charter of such national banking association on such terms and conditions as may be lawfully agreed upon by a majority of the board of directors of each association or bank proposing to consolidate * * * and all the rights, franchises, and interests of such State * * * bank so consolidated with a national banking association in and to every species of property, real, personal, and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such national banking association into which it is consolidated without any deed or other transfer, and the said consolidated national banking association shall hold and enjoy the same * * * in the same manner and to the same extent as was held and enjoyed by such State * * * bank so consolidated with such national banking association. * * * *"

[2] This does not appear from the record, but was stated by counsel for defendant both in his brief and in his oral argument, and was not denied by counsel for plaintiff.

quence of such allowance, determined that, in respect of such income, there was no tax liability.[3] The net result of the Commissioner's action was that plaintiff's total income tax liability for 1928[4] was determined to be $27,833.38 instead of $15,676.83.

Plaintiff paid the difference, $12,156.55, with interest,[5] on May 31, 1930, to defendant, Galen H. Welch, who at that time was Collector of Internal Revenue for the Sixth District of California. Plaintiff filed a claim for refund[6] on May 26, 1932. The claim was denied on April 12, 1935. This action was commenced on February 10, 1937. Defendant answered, jury trial was waived, and the case was tried by the court without a jury. The court heard evidence,[7] made and filed its findings of fact and conclusions of law, and thereupon entered judgment dismissing the action. This appeal followed.

The question is whether the above mentioned items aggregating $228,232.07 were properly deductible in computing the State bank's net income for 1928.

Section 23 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 356,[8] provides that, in computing net income, there shall be allowed as deductions all the ordinary and necessary expenses "paid or incurred" during the taxable year in carrying on any trade or business and, with inapplicable exceptions, all interest and taxes "paid or accrued" within the taxable year. Section 41, 26 U.S.C.A. Int.Rev.Acts, page 363, provides that net income shall be computed in accordance with the method of accounting regularly employed in keeping the taxpayer's books. Section 43, 26 U.S.C.A. Int.Rev.Acts, page 363, provides that deductions shall be taken for the taxable year in which "paid or accrued" or "paid or incurred," dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income, they should be taken as of a different period. Section 48(c), 26 U.S.C.A. Int.Rev.Acts, page 366, provides that the terms "paid or incurred" and "paid

or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed.

■ It is conceded that the above mentioned items aggregating $228,232.07 were deductible—by someone in some year—under § 23, supra; that the items were paid in the taxable year (1928); and that the method of accounting which was regularly employed by the State bank in keeping its books, and upon the basis of which its net income was computed, was the cash receipts and disbursements method, not the accrual method. It does not, however, necessarily follow that the items were deductible in computing the State bank's net income for 1928. Whether they were or were not so deductible depends on whether they were or were not paid by the State bank.

Plaintiff's assertion that they were so paid contradicts the stipulation of facts which plaintiff and defendant filed, and which the trial court adopted as its findings. Plaintiff and defendant stipulated, and the trial court found, that all the items were paid by plaintiff. We must and do accept the stipulation and findings as true, and hence reject as false the assertion that the items were paid by the State bank.

It was not stipulated or found, nor is it true, that the mere act of consolidation—including, as it did, the transfer of the State bank's assets to plaintiff[9]—constituted payment by the State bank of the items in question. We reject also the alternative contention that plaintiff, when it paid the items, did so as the State bank's agent; for that contention also contradicts the stipulation. Plaintiff and defendant stipulated, and the trial court found, (1) that the items were paid after the consolidation, and (2) that the State bank did no business after the consolidation. Obviously a bank which is doing *no* business cannot be doing business by or through an agent.

■ Even if it were true, as it is not, that these items were paid by the State bank, still plaintiff could not prevail. For, although the items were disallowed as de-

---

[3] This determination appears from the record.

[4] It is undisputed that whatever tax liability there was in respect of the State bank's income for 1928 was plaintiff's liability.

[5] In the record this transaction is described as a payment by plaintiff of $26,957.16, with interest, a refund to plaintiff of $13,362.56, with interest, and a credit to plaintiff of $1,438.05—all of

which amounts to a payment by plaintiff of $12,156.55, with interest.

[6] Plaintiff claimed $26,957.16, with interest, and said nothing about the refund and credit it had received.

[7] The evidence consists of a stipulation of facts.

[8] Act of May 29, 1928, c. 852, 45 Stat. 791–883.

[9] Act of November 7, 1918, supra, § 3.

ductions in computing the State bank's net income, they were allowed in computing plaintiff's net income; and plaintiff, having received and retained the benefit of such allowance, cannot now be heard to say that the same items should have been allowed in computing the State bank's net income.

Other questions discussed by plaintiff are (1) whether the consolidation was a "reorganization," within the meaning of § 112(i) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 379, and (2) whether the assumption and payment of the State bank's debts by plaintiff constituted "property or money," within the meaning of § 112(c). These questions are not involved here and hence need not be considered.

Judgment affirmed.