EDWARD JULIO AND CARL JULIO, TRANSFEREES, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9429-75.     Filed October 3, 1977.

*Bernard Kraft,* for the petitioners.
*Robert K. Dowd,* for the respondent.

## OPINION

HALL, *Judge:* Respondent determined that petitioners, as transferees of the assets of Claire Construction Co., Inc., are liable for a $5,350.46 deficiency in Claire's corporate income tax for the year 1973, plus interest.

This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The sole issue remaining is whether a special adjustments deduction to personal holding

1

company income for qualified indebtedness paid or retired should be allowed pursuant to section 545(c)(1)[1] in the amount of $15,491.45.

Claire Construction Co., Inc. (Claire), transferor, was a Maryland corporation with its principal place of business in Cockeysville, Md. Petitioners Edward and Carl Julio, transferees, maintained their residences in Cockeysville, Md., at the time they filed their petition.

Claire was liquidated and dissolved pursuant to a plan of liquidation adopted on November 3, 1975. All of its assets were distributed in liquidation to petitioners, each of whom owned 50 percent of its stock. The corporation's liabilities at the time of its liquidation included $15,491.45 of "qualified indebtedness" as defined in section 545(c)(3). This qualified indebtedness was assumed by petitioners. The record does not disclose whether or when petitioners paid the debt.

Respondent has determined that Claire was a personal holding company within the meaning of section 545(a) for its final year of activity (its fiscal year ended on October 31, 1973), that it had undistributed personal holding company income for that year of $7,643.52, and that it accordingly was subject to a personal holding company tax liability of $5,350.46 (70 percent of $7,643.52). Respondent has further determined that petitioners were transferees of Claire and were therefore liable for Claire's asserted unpaid tax liability of $5,350.46.

Petitioners admit that Claire was a personal holding company for its taxable year ended October 31, 1973, and that they were transferees, liable for the asserted deficiency if it was owed by Claire. They assert, however, that Claire did not owe any personal holding company tax for the year in issue. They base this assertion solely on the provisions of section 545(c).[2] Petition-

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

[2] Sec. 545(c) provides in pertinent part:

(c) SPECIAL ADJUSTMENT TO TAXABLE INCOME.—

(1) IN GENERAL.—Except as otherwise provided in this subsection, for purposes of subsection (a) there shall be allowed as a deduction amounts used, or amounts irrevocably set aside (to the extent reasonable with reference to the size and terms of the indebtedness), to pay or retire qualified indebtedness.

(2) CORPORATIONS TO WHICH APPLICABLE.—This subsection shall apply only with respect to a corporation—

(A) which for at least one of the two most recent taxable years ending before the date of enactment of this subsection, was not a personal holding company under section 542, but would have been a personal holding company under section 542 for such taxable year if the law

ers contend that the $15,491.45 of qualified indebtedness which they assumed on Claire's liquidation was deductible from Claire's taxable income under section 545(c), in computing Claire's undistributed personal holding company income. Since the $15,491.45 exceeded Claire's taxable income for the taxable year in issue, if petitioners are correct there would be no undistributed personal holding company income, hence no deficiency.

Section 545(c) requires the allowance of a deduction from taxable income, in computing undistributed personal holding company income, of "amounts used, or amounts irrevocably set aside (to the extent reasonable with reference to the size and terms of the indebtedness), to pay or retire qualified indebtedness." Petitioners concede that the $15,491.45 in question was not "irrevocably set aside." They assert, however, that, within the meaning of the statute, $15,491.45 was "used * * * to pay" the qualified indebtedness. No contention is made that Claire used any amount to pay the debt directly. Petitioners contend rather that as a matter of Maryland law the assumption of the debt by the stockholders of Claire constituted "payment" thereof, and that we should look to Maryland law to determine whether the provisions of section 545(c)(1) are satisfied. Respondent asserts that the mere distribution of assets in liquidation, coupled with the assumption by the distributee shareholders of the distributor's liabilities, did not meet the requirement of section 545(c)(1) that the qualified liability be paid. We agree with respondent.

Petitioners cannot and do not contend that Claire paid the debt in the normal meaning of the term. Rather, they assert that a kind of constructive payment, sufficient to satisfy section 545(c),

---

applicable for the first taxable year beginning after December 31, 1963, had been applicable to such taxable year, or

(B) to the extent that it succeeds to the deduction referred to in paragraph (1) by reason of section 381(c)(15).

(3) Qualified Indebtedness.—

(A) In General.—Except as otherwise provided in this paragraph, for purposes of this subsection the term "qualified indebtedness" means—

(i) the outstanding indebtedness incurred by the taxpayer after December 31, 1933, and before January 1, 1964, and

(ii) the outstanding indebtedness incurred after December 31, 1963, for the purpose of making a payment or set-aside referred to in paragraph (1) in the same taxable year, but, in the case of such a payment or set-aside which is made on or after the first day of the first taxable year beginning after December 31, 1963, only to the extent the deduction otherwise allowed in paragraph (1) with respect to such payment or set-aside is treated as nondeductible by reason of the election provided in paragraph (4).

arises on liquidation because under Maryland law the corporate creditors must now look to the stockholders for payment and can no longer collect from the corporation. This state of affairs, they assert, constitutes a "novation," which is equivalent to "payment."

Petitioners cite no authority, nor have we discovered any, supporting the proposition that assumption by a third party of a debtor's liability to a creditor constitutes "payment" thereof. In fact there is case law to the contrary. *Doggett v. Commissioner*, 275 F.2d 823 (4th Cir. 1960), affg. a memorandum opinion of this Court, cert. denied 364 U.S. 824 (1960); *Citizens Nat. Trust & Savings Bank v. Welch*, 119 F.2d 717 (9th Cir. 1941).[3] Petitioners cite to us nothing in the legislative history of section 545(c) which could justify our adoption of a construction thereof which strays so far from the clear statutory language. The statute requires the personal holding company to pay the debt (or set aside funds therefor). It nowhere authorizes us to treat such a debt as paid merely because the corporate assets are distributed to an assuming transferee. We have considerable difficulty with petitioners' concept that a novation automatically occurs on the liquidation of a debtor corporation. The creditor, who would normally be an essential party to a novation, has nothing to say about the liquidation. However, even were we to accept petitioners' characterization, a "novation" still seems to fall short of the statutory requirement of *payment*.

Claire did not file the required personal holding company information with its final return. It appears that it had simply failed to consider the impact of section 545 and fell into the statutory trap. Unfortunately we cannot rescue it, or petitioners, by adopting an unwarrantedly loose reading of a statutory provision which is clear on its face.

*Decision will be entered for the respondent.*

---

[3]Compare *Focht v. Commissioner*, 68 T.C. 223 (1977) where the Court construed the term "liabilities" in sec. 357(c)(1) to exclude liabilities which had not been deducted by a cash basis taxpayer and therefore did not reach the question whether assumption of such liabilities constituted "payment."