HOWARD K. BORGGAARD & JEANNE BORGGAARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borggaard v. Commissioner
Docket No. 979-78.
United States Tax Court
T.C. Memo 1979-458; 1979 Tax Ct. Memo LEXIS 72; 39 T.C.M. (CCH) 496; T.C.M. (RIA) 79458; November 19, 1979, Filed James J. Phillips, for the petitioners. Barry J. Laterman, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $10,274.25 in the income tax of petitioners for 1973. At issue is the taxpayer's right to deduct certain payments made by his wholly-owned corporation in respect of liabilities and expenses incurred by his predecessor sole proprietorship. Concessions by the parties have eliminated other issues. FINDINGS OF FACT Some of the facts have been stipulated; the stipulated *73 facts and related exhibits are hereby found and incorporated in these findings. Howard K. and Jeanne Borggaard, petitioners, are husband and wife and were residents of Shrewsbury, Massachusetts, at the time of the filing of their petition. Howard Borggaard, for some years prior to 1973, operated an excavation and grading business a s asole proprietor. The business was operated on the cash basis of accounting. In 1973, after conversations with his accountant, Mr. Borggaard incorporated the business. The corporation operates on the accrual method of accounting. Reasons for incorporating the business included the limited personal liability afforded by the corporate form of business and segregation of the business and personal assets and income of Mr. Borggaard. Borggaard Construction Corporation was organized as a Massachusetts corporation on or about January 29, 1973. The corporation had an authorized capitalization of 2,400 common no par value shares. One hundred shares of stock were issued to Mr. Borggaard, who has at all times relevant to this case been the owner of all the issued and outstanding stock of the corporation. In return, the corporation receiving $14,607.50, *74 which was the April 1973 cash receipts from receivables of the proprietorship, and a 1973 Chevrolet truck valued at $3,765. It also acquired the proprietorship's machinery and equipment necessary to conduct the business. This equipment was recorded in the corporate books at its book value to Mr. Borggaard, $307,154.42. The equipment transferred was encumbered by a purchase money security interest of $253,383.53, represented by notes payable. These notes were recorded in the corporate books as a liability of the corporation.Mr. Borggaard had also prepaid $34,010.92 interest on the notes, and this amount was recorded in the corporate books as an asset of the corporation. Organization costs, a telephone deposit, and furniture and fixtures were also recorded on the corporate books. The corporate books reflected as a liability $88,862.71 due to Mr. Borggaard after the transfer of these incidential assets and the machinery and equipment.A balance sheet prepared after these transactions establishing the corporation showed total assets of $360,618.74, liabilities of $342,246.24, and stockholders' equity of $18,372.50.
Petitioners filed their Federal income tax return for the taxable *75 year 1973 with the Director, Internal Revenue Service Center, Andover, Massachusetts. Petitioners reported a $106 loss from the sale of a 1972 Ford truck; this sale was the only sale or exchange of property used in a trade or business reported on petitioners 1973 return, although petitioners contended at trial that the machinery and equipment transferred to the corporation had been transferred by way of sale. The Borggaard Construction Corporation also filed a 1973 Federal income tax return. The basis for the corporation's depreciable assets shown on its return was an amount equal to the sum of (1) the book value of the machinery and equipment to Mr. Borggaard transferred by him to the corporation, and (2) the cost or basis of several other items identified as "New Property" on the Investment Credit Schedule which accompanied the return. At the time the corporation received the assets necessary to commence active operation of its business, Mr. Borggaard had several unpaid liabilities arising from the operation of the business as a sole proprietor. In addition to the notes payable on the equipment that were recorded in the corporatebooks as liabilities of the corporation, Mr. *76 Borggaard owed Mr. Witt Armstrong $34,978.93 for repairs to the machinery and equipment. Also, Mr. Borggaard owed the local bank $2,351.40 on account of an overdraft resulting from checks written to pay various expenses of the business. In addition, Mr. Borggaard was obligated to pay $1,808.69 attributable to the employer's share of payroll withholding taxes. The corporation made payments in discharge of these liabilities, [1] and deducted the payments from the amount shown on the corporate books as "due to" Mr. Borggaard as a result of the transfers establishing the corporation. The corporation also made other payments for such items as insurance and a bank charge for an "instant money plan" which were similarly credited against its obligation to Mr. Borggaard. Among such other items was an amount of $24,521.24 that was identified simply as "checks issued by corp." By the end of the year, the balance of $88,862.71 in the account shows as "owed to" Mr. Borggaard had been reduced to $13,215.07. Among the adjustments made by the Commissioner in his determination of deficiency was the disallowance of deductions *77 for three items; repairs in the amount of $34,978.93, miscellaneous expenses in the amount of $2,351.40, and payroll taxes in the amount of $1,808.69. The disallowance in each instance was explained on the ground that the liability for each item was "assumed and paid for by Borggaard Construction Corp." The parties have stipulated that the only issues in dispute between them "are the disallowance of the deductions claimed by the petitioners for repairs, miscellaneous expenses and payroll taxes totalling $39,138.33." [2]
OPINION Central to the disposition of this case is section 351, Internal Revenue Code of 1954. [3] The Commissioner's position in substance is that Mr. Borggaard transferred his entire sole proprietorship to his newly organized corporation in accordance with the provisions of section 351, which is applicable to all aspects *78 of the transaction; that in accordance therewith the corporation became liable for the outstanding obligations of the proprietorship; and that its subsequent payments of such obligations may not be regarded as payments by Mr. Borggaard which he may deduct on his own returns. Doggett v. Commissioner, 275 F. 2d 823, 827 (4th Cir.), cert. denied 364 U.S. 824 (1960), affg. a Memorandum Opinion of this Court; Citizens Nat. Trust & Savings Bank v. Welch, 119 F. 2d 717, 719 (9th Cir. 1941); Kniffen v. Commissioner, 39 T.C. 553, 566-567 (1962). Cf. Julio v. Commissioner, 69 T.C. 1, 4 (1977). *79 The petitioners' position, on the other hand, is that the transaction involving the creation of the corporation and its commencement of business must be treated as consisting of two separate parts: one, the acquisition of all the corporate stock by Mr. Borggaard in exchange for $14,607.50 in cash and a truck valued at $3,765, or a total of $15,372.50; and second, the subsequent sale by Mr. Borggaard to the corporation of all the machinery and equipment and other items necessary for the conduct of the business resulting in a net liability of $88,862.71 due to him by the corporation as shown by its books. If the transaction may be so bifurcated, then obviously the payment by the corporation of such net amount or any portion thereof to Mr. Borggaard's preincorporation creditors must be treated as the equivalent of payment to those creditors by Mr. Borggard himself and deductible by him to the extent otherwise allowable by the Code. See Jergens v. Commissioner, 17 T.C. 806, 808-809 (1951). The difficulty with petitioners' position, however, is that they have not established that there were in fact any such two separate and independent transactions. Rather, the *80 record strongly supports the inference that the two alleged transactions were merely component steps in a single transaction involving the incorporation of the new entity under section 351. D'Angelo Associates, Inc. v. Commissioner, 70 T.C. 121, 129-131 (1978); Nye v. Commissioner, 50 T.C. 203, 211-212 (1968). Indeed, the record fails to provide convincing evidence that the alleged sale occurred at a distinctly later time than the purchase of the corporate stock for cash and a truck, as suggested by petitioners. To the contrary, the corporation's books reveal that it acquired the machinery and equipment on April 1, 1973, and that the cash portion of Mr. Borggaard's capital contribution for stock came from April collections of the proprietorship's accounts receivable, during the very same month that the corporation apparently began its operations. To be sure, the fact that the corporate books showed an amount payable to Mr. Borggaard gives some support to his contention that he made a sale of the machinery, equipment, and other items to the corporation. But the corporate books also contain indications that a section 351 exchange took place. The *81 assets involved were recorded on the corporate books at their book value to Mr. Borggaard, not at their fair market value; this suggests a section 351 exchange, not a sale. Accordingly, even if resort be had to the corporation's books, they are at best inconsistent with themselves. Also, there was no evidence that there was any of the usual documentation that would be expected to accompany a sale. In addition, it is of some significance that the purported obligation from the corporation to Mr. Borggaard possessed none of the usual indicia of a true debt -- there was no payment of interest, no definite term, etc. Moreover, and even of greater significance, petitioners' 1973 return reported no such alleged sale, notwithstanding indications in Mr. Borggaard's testimony that the value of the equipment at the time it was transferred to the corporation exceeded its book value to him. If there were any such excess, there obviously was a gain which petitioners should have accounted for in their 1973 return, and the failure to report any such gain on the sale or indeed the sale itself is a strong indication that there was not in fact any such separate sale by Mr. Borggaard to the corporation. *82 We find that there was in fact no such sale, and that the transfer of the equipment to the corporation was merely one step in a single transaction under section 351 in which no gain or loss was recognized. Petitioners have failed to establish the very basis upon which their position rests. Finally, even if there were such a bona fide independent sale of the machinery and equipment, the fact that petitioners failed to report such sale on their 1973 return and account for any taxable profit realized thereon raises a still further question. For, even if the Commissioner erred in disallowing the claimed $39,138.33 deductions, the amount of tax attributable to such disallowance would be offset protanto, if not entirely, by the tax attributable to the unreported gain on the alleged sale of the very assets which is the cornerstone of petitioners' case. Thus, the petitioners, upon whom the burden of proof rests, have not shown that there was any ultimate error in the deficiency determined by the Commissioner in respect of the items in controversy. Since the stipulation of the parties states that "petitioners agree to all the other adjustments set forth in the deficiency *83 notice", Decision will be entered for the respondent. Footnotes
1. As to a possible $.69 discrepancy, see note 2, infra.↩
2. There is a $.69 discrepancy between this figure and the sum of the three component items referred to above. Such discrepancy appears to be due to the payroll withholding item which is fixed at $1,808.69 in the deficiency notice and the payment of that item in the rounded amount of $1,808, as stipulated by the parties.↩
3. SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR. (a) General Rule.--No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. * * * (b) Receipt of Property.--It subsection (a) would apply to an exchange but for the fact that there is received, in addition to the stock or securities permitted to be received under subsection (a), other property or money, then-- (1) gain (if any) to such recipient shall be recognized, but not in excess of-- (A) the amount of money received, plus (B) the fair market value of such other property received; and (2) no loss to such recipient shall be recognized.↩